'ARGUED AND DETERMINED

IN THE

SUPREME COURT OF TENNESSEE

FOR THE

WESTERN DIVISION.

COLE-MCINTYRE-NORFLEET CO. *v.* HOLLOWAY.

(*Jackson.* April Term, 1919.)

1. **CUSTOMS AND USAGES.** Course of trade of certain dealers, not amounting to custom, insufficient to bind defendant.

In an action for failure to deliver meal purchased, the seller denying that it accepted the tentative contract made by its agent, the proof that some jobbers in the seller's city uniformly filled such orders, unless the buyer was notified to the contrary, not amounting to a custom, *held* valueless to make a case for plaintiff buyer. (*Post, pp.* 681, 682.)

2. **SALES.** Unreasonable delay in rejecting solicited order amounts to acceptance.

Where order for meal was solicited by wholesaler's drummer, wholesaler's delay for sixty days after order was taken in· notifying the customer that it had not confirmed or accepted the order as required *held* to be unreasonable, and to effect an acceptance of the order. (*Post, pp.* 682-685.)

Cases cited and approved: Williams v. Storm, 46 Tenn., 207; Blue Grass Cordage Co. v. Luthy, 98 Ky., 583; L. A. Becker Co. v. Alvey, 86 S. W., 974.

RESPONSE TO PETITION TO REHEAR.

3. **CONTRACTS.** Assent to offer may be either express or implied.

Though an assent to an offer is requisite to the formation of a

679

Cole-McIntyre-Norfleet Co. v. Holloway.

contract or agreement, such assent is a condition of mind, and may be either expressed or merely evidenced by circumstances. (*Post, p.* 685.)

4. **SALES. Unreasonable delay in rejecting solicited order amounts to acceptance.**

Although orders solicited by drummers for wholesaler are not binding until accepted by wholesaler, yet, if wholesaler wishes to reject such an order, he should, especially in case of orders for perishable articles and articles consumable in the use, notify the customer within a reasonable time that the order is not accepted, and if, with ample opportunity, he fails to do so, silence for an unreasonable length of time will amount to acceptance, if the customer is relying on him for the goods,. *Post, p.* 685.)

Case cited and approved: Hartford et al. v. Jackson, 24 Conn., 514.

FROM SHELBY.

Error to the Circuit Court of Shelby County.—Hon. J. P. Young, Judge.

D. B. Sweeney, for plaintiff in error.

P. J. Lyons and Jno. E. Bell, for defendant in error.

Mr. Chief Justice Lansden delivered the opinion of the Court.

This case presents a question of law, which, so far as we are advised, has not been decided by this court in its exact phases. March 26, 1917, a traveling salesman of plaintiff in error solicited and received from defendant in error, at his country store in Shelby county, Tenn., an order for certain goods, which he was authorized to sell. Among these goods were fifty barrels of meal. The meal was to be ordered out by defendant

by the 31st day of July, and afterwards five cents per barrel per month was to be charged him for storage.

After the order was given, the defendant heard nothing from it until the 26th of May, 1917, when he was in the place of business of plaintiff in error, and told it to begin shipment of the meal on his contract. He was informed by plaintiff in error that it did not accept the order of March 26, and for that reason the defendant had no contract for meal.

The defendant in error never received confirmation or rejection from plaintiff in error, or other refusal to fill the order. The same traveling salesman of plaintiff in error called on defendant as often as once each week, and this order was not mentioned to defendant, either by him or by his principals, in any way. Between the day of the order and the 26th of May, the day of its alleged rejection, prices on all of the articles in the contract greatly advanced. All of the goods advanced about fifty per cent. in value.

Some jobbers at Memphis received orders from their drummers, and filled the orders or notified the purchaser that the orders were rejected; but this method was not followed by plaintiff in error.

The contract provided that it was not binding until accepted by the seller at its office in Memphis, and that the salesman had no authority to sign the contract for either the seller or buyer. It was further stipulated that the order should not be subject to countermand.

It will be observed that plaintiff in error was silent upon both the acceptance and rejection of the contract. It sent forth its salesman to solicit this and other orders. The defendant in error did not have the right

to countermand orders and the contract was closed, if and when it was accepted by plaintiff in error. The proof that some jobbers in Memphis uniformly filled such orders unless the purchaser was notified to the contrary is of no value because it does not amount to a custom.

The case, therefore, must be decided upon its facts. The circuit court and the court of civil appeals were both of opinion that the contract was completed because of the lapse of time before plaintiff in error rejected it. The time intervening between the giving of the order by defendant and its alleged repudiation by plaintiff in error was about sixty days. Weekly opportunities were afforded the salesman of plaintiff in error to notify the defendant in error of the rejection of the contract, and, of course, daily occasions were afforded plaintiff in error to notify him by mail or wire. The defendant believed the contract was in force on the 26th of May, because he directed plaintiff in error to begin shipment of the meal on that day. Such shipments were to have been completed by July 31st, or defendant to pay storage charges. From this evidence the circuit court found as an inference of fact that plaintiff in error had not acted within a reasonable time, and therefore its silence would be construed as an acceptance of the contract. The question of whether the delay of plaintiff in error was reasonable or unreasonable was one of fact, and the circuit court was justified from the evidence in finding that the delay was unreasonable. Hence the case, as it comes to us, is whether delay upon the part of plaintiff in error for an unreasonable time in notifying the defendant in error of its action upon the contract is an acceptance of its terms.

We think such delay was unreasonable, and effected an acceptance of the contract. It should not be forgotten that this is not the case of an agent exceeding his authority, or acting without authority. Even in such cases the principal must accept or reject the benefits of the contract promptly and within a reasonable time. *Williams* v. *Storm*, 6 Cold., 207.

Plaintiff's agent in this case was authorized to do precisely that which he did do, both as to time and substance. The only thing which was left open by the contract was the acceptance or rejection of its terms by plaintiff in error. It will not do to say that a seller of goods like these could wait indefinitely to decide whether or not he will accept the offer of the proposed buyer. This was all done in the usual course of business, and the articles embraced within the contract were consumable in the use, and some of them would become unfitted for the market within a short time.

It is undoubtedly true that an offer to buy or sell is not binding until its acceptance is communicated to the other party. The acceptance, however, of such an offer may be communicated by the other party either by a formal acceptance, or acts amounting to an acceptance. Delay in communicating action as to the acceptance may amount to an acceptance itself. When the subject of a contract, either in its nature or by virtue of conditions of the market, will become unmarketably by delay, delay in notifying the other party of his decision will amount to an acceptance by the offerer. Otherwise, the offerer could place his goods upon the market, and solicit orders, and yet hold the other party to the contract, while

he reserves time to himself to see if the contract will be profitable.

Writ denied.

### RESPONSE TO PETITION TO REHEAR.

An earnest petition to rehear has been filed, and we have re-examined the question with great care. The petition quotes the text of 13 Corpus. Juris. p. 276, as follows:

"An offer made to another, either orally or in writing, cannot be turned into an agreement because the person to whom it is made or sent makes no reply, even though the offer states that silence will be taken as consent, for the offerer cannot prescribe conditions of rejection, so as to turn silence on the part of the offeree into acceptance."

And further: "In like manner mere delay in accepting or rejecting an offer cannot make an agreement."

It is also said that diligent search reveals only one case holding in accord with the court's decision of this case, and that case is *Blue Grass Cordage Co.* v. *Luthy,* 98 Ky., 583, 33 S. W., 835, and it is said this case was overruled by the later case of *L. A. Becker Co.* v. Alvey, 86 S. W., 974, 27 Ky. Law. Rep., 832. We have examined both of those cases, and we do not think either is authority on the question at issue. In the first case the contract was admittedly executed, and the suit was for damages for its breach. The second case does not refer to the first, and is upon another branch of contracts. The quotation from Corpus Juris contemplates the case of an original offer, unaccompanied by

Cole-McIntyre-Norfleet Co. v. Holloway.

other circumstances, and does not apply to this case, where the parties had been dealing with each other before the contract, and were dealing in due course at the time.

It is a general principle of the law of contracts that, while an assent to an offer is requisite to the formation of an agreement, yet such assent is a condition of the mind, and may be either express or evidenced by circumstances from which the assent may be inferred. *Hartford et al.* v. *Jackson*, 24 Conn., 514, 63 Am. Dec., 177; 6 Ruling Case Law, 605; 13 Corpus Juris, 276; 9 Cyc., 258. And see the cases cited in the notes of these authorities. They all agree that acceptance of an offer may be inferred from silence. This is only where the circumstances surrounding the parties afford a basis from which an inference may be drawn from silence. There must be the right and the duty to speak, before the failure to do so can prevent a person from afterwards setting up the truth. . We think it is the duty of a wholesale merchant, who sends out his drummers to solicit orders for perishable articles, and articles consumable in the use, to notify his customers within a reasonable time that the orders are not accepted; and if he fails to do so, and the proof shows that he had ample opportunity, silence for an unreasonable length of time will amount to an acceptance, if the offerer is relying upon him for the goods.

The petition to rehear is denied.