RAYMOND T. BOWLEY *vs.* JOHN FULLER.

Knox.    Opinion December 14, 1921.

*Silence cannot be construed as consent, even by estoppel, unless it is one's duty to speak, and the question of acceptance inferable from conduct is one of fact for the jury.*

An offer either oral or in writing, cannot be turned into an agreement simply because the person to whom it is made or sent makes no reply.   Acceptance of an offer may be inferred from silence, where previous dealings or other circumstances are such as to impose a duty to speak, but the question of acceptance inferable from conduct is one of fact for the jury.

On exceptions.   An action of assumpsit on account annexed to recover the sum of one hundred and eighteen dollars for storage of hay in a barn in the possession of the plaintiff, from November 1, 1919 to April 26, 1920.   A verdict for plaintiff for $80.83 was returned by the jury.   Exceptions were taken by defendant to that part of the charge of the presiding Justice wherein he instructed the jury, that as a matter of law, if the plaintiff was entitled to recover at all, he was entitled to recover the per diem storage claimed by plaintiff, dating from a reasonable time after notice was given to remove the hay.

Exceptions sustained.

The case is fully stated in the opinion.

*Edward C. Payson*, for plaintiff.

*Elisha W. Pike*, for defendant.

SITTING:  CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J.   Assumpsit on an account annexed for the storage of hay, from November 1, 1919, to April 26, 1920.   It appears from the bill of exceptions and the charge of the presiding Justice which is made a part thereof that the plaintiff became lessee of certain premises on October 24, 1919.   The defendant had been and at that time was in occupation of the premises, but he moved away four days later, on October 28, 1919, leaving, however, two bins of hay stored in the

barn. This was left because the defendant gave the plaintiff an option to purchase this hay at a certain price, the option to continue for two months. The plaintiff did not see fit to purchase, however, and the option expired leaving the defendant still the owner of the hay, which remained in the barn until April 26, 1920.

The plaintiff claims that no agreement was made at the beginning as to the exact price of storage, while the defendant contends that in consideration of the option of purchase the plaintiff agreed that the defendant could have the storage without compensation until the next July. This was the first issue of fact to be decided by the jury and this controversy they must have determined in favor of the plaintiff; otherwise the defendant would have secured a verdict in his favor.

The jury were instructed that if they accepted the plaintiff's version on this issue he was entitled to a fair compensation under an implied contract and to this ruling no exception was taken. This covered the period from the expiration of the option until about March 15, 1920. On March 11, 1920, the plaintiff notified the defendant by letter that if he did not remove the hay by March 15th he should charge the defendant one dollar per day for the storage after that date. To this the defendant made no reply, and he took no steps to remove the hay. The court instructed the jury that after the receipt of that letter the defendant was entitled to a reasonable time in which to remove the hay, but if the hay was not removed within that reasonable time, the duration of which was left to the jury to determine, the plaintiff was entitled to recover one dollar per day as demanded. To this instruction the defendant excepted.

On March 30, 1920, the plaintiff again wrote the defendant stating that if he did not remove his hay on or before April first, the rate of storage would be increased to two dollars per day after that date. The defendant made no answer and removed no hay. The court gave the same instruction with reference to the two dollar as with reference to the one dollar demand, and exception to this ruling was also taken. Upon these two exceptions, which involve but one and the same legal question, the case is before the Law Court.

The plaintiff's contention is that while the price of storage prior to March 15, 1920, should be fixed by the jury at a reasonable rate under an implied contract, that defendant's silence gave assent to the plaintiff's proposed increase to one dollar and again to two dollars

per day, and that the defendant was bound thereby as under a perfected express contract. The defendant answers that no express contract at any figure was made, because there was no acceptance on his part, and that the most that the plaintiff can recover is a reasonable compensation under an implied contract during the entire period for which he was liable.

In our opinion it cannot be said as a matter of law that an express contract was completed. Plaintiff's letters constituted nothing more than an offer communicated to the defendant. In order to perfect the contract and bind the defendant there must have been an acceptance by him. But he neither accepted nor rejected the offer. He did nothing which could be construed into an acceptance. He simply remained silent. He was under no obligation to speak or to act and under those circumstances silence and inaction cannot be converted into acceptance.

The amount of storage to be paid rested entirely in contract. When the letters were written there was a subsisting implied contract which obligated the defendant to pay a reasonable sum. There was no existing obligation on the defendant to pay the increased demand and it could not be inferred as a matter of law from merely allowing the hay to remain in the barn because the continuing liability for rent could be referred to that subsisting contract, and in the absence of any new contract, would be referred to it. *Raysor* v. *Berkeley Co. Ry. & L. Co.*, 26 S. C., 610, 2 S. E., 119. A mere failure to reject cannot be converted into an acceptance unless the offeree has agreed in advance that such silence should be so construed or there was some legal duty resting upon him to that effect. There was no such preliminary agreement here and no such duty. Even if the plaintiff had attempted in his offer to make silence on defendant's part a constructive acceptance the law would not permit it. The governing principles are summarized as follows: "Acceptance of an offer may often be inferred from silence as when goods sent to another without request are used or dealt with as his own. Silence alone does not give consent, even by estoppel, for there must not only be the right but the duty to speak before the failure so to do can estop a person from afterward setting up the truth. It is otherwise of course if the relation of the parties, their previous dealings or other circumstances are such as to impose a duty to speak. An offer made to another either orally or in writing, cannot be turned into an agreement because

the person to whom it is made or sent makes no reply, even though the offer states that silence will be taken as consent for the offerer cannot prescribe conditions of rejection so as to turn silence on the part of the offeree into acceptance." 13 C. J., Page 276, Sec. 74.

Another author states the rule thus: "A party cannot by his wording of his offer turn the absence of communication of acceptance into an acceptance and compel the recipient of his offer to refuse at the peril of being held to have accepted it." Clark on Contracts, Sections 31-32.

Page on Contracts, Section 42, says: "Failure or omission to reject an offer is not the equivalent of an acceptance, . . . Even if the party making the offer prescribes that a failure to answer should be regarded as an acceptance such failure does not amount to an acceptance. The party to whom the offer is made may, however, have agreed that his silence shall be equivalent to an acceptance and this agreement may be understood from the conduct of the parties."

This doctrine has been recognized and applied in a wide range of cases. Illustration may be found in *Felthouse* v. *Brindley*, 11 C. B. N. S., 869; In re Empire Assoc. Corp. L. R. 6 Ch., 266; *Prescott* v. *Jones*, 69 N. H., 305; *More* v. *Ins. Co.*, 130 N. Y., 537, 547; *Raysor* v. *Berkeley Co. Ry. & L. Co.*, 26 S. C., 610; *Royal Ins. Co.* v. *Beatty*, 119 Pa. 6; *Cincinnati Equipment Co.* v. *Coal Co.*, 158 Ky., 247.

Of course the conduct of the offeree may be of such a character that although he remains silent his acts import acceptance or assent and therefore in the eye of the law may be regarded as such, as in *Beverly* v. *Lincoln G. L. Co.* 6 A. & E., 829; *Orme* v. *Cooper*, 1 Ind., App. 449; *Hobbs* v. *Massasoit Whip Co.*, 158 Mass., 194; *Bohn Mfg. Co.* v. *Sawyer*, 169 Mass., 477. In this class of cases the question of acceptance inferable from conduct would be one of fact for the jury.

In the case at bar the court ruled that the mere silence of the defendant and his failure to remove the hay after a reasonable time unaccompanied by any acts whatever constituted an acceptance and forced on him a liability for the increased demands as a matter of law.

The learned counsel for plaintiff cites many cases based upon the rights of landlord and tenant, but these are clearly distinguishable because the relation of landlord and tenant did not exist in this case. It is not a question of a tenant holding over after the expiration of his term and after having received notice from his landlord of increase of rent in such event. In such cases the assent and therefore the

liability of the lessee may be implied from the mere continuance in possession. *Hunt* v. *Bailey*, 39 Mo., 257; *Higgins* v. *Halligan*, 46 Ill., 173; *Griffin* v. *Knisely*, 75 Ill., 411; *Reithman* v. *Brandenburg*, 7 Colo., 480; *Despard* v. *Walbridge*, 15 N. Y., 374; *Stees* v. *Bergmeier*, 91 Minn., 513, authorities relied upon by the plaintiff.

In the case at bar, however, there was no tenancy, not even a tenancy at will, because tenancy implies an estate in the real property for the time being, an ownership pro hac vice. Nothing of the sort existed here. The defendant had no estate in the premises. There was no contract for the hiring and letting of real estate. The defendant was a mere licensee, with permission to occupy with his hay two bins in a barn, the possession of which still remained in the plaintiff. The exceptions precisely so state: "This is an action of assumpsit on an account annexed brought to recover the sum of one hundred and eighteen dollars for storage of hay in a barn in possession of the plaintiff," are the significant words in the bill of exceptions. The action is for storage, not for use and occupation, and it is properly so brought. The defendant was storing his hay in two bins under the same conditions as if he were storing carriages or farming implements on the floor of the barn. The facts of the case bring it in line with similar cases in which it is held that no tenancy exists. Thus, in case of a lodger occupying rooms in a boarding-house with his family; *White* v. *Maynard*, 111 Mass., 250; *Peaks* v. *Cobb*, 197 Mass., 554; or a party occupying with horses, stalls in a stable, *Congregation Beth Israel* v. *O'Connell*, 187 Mass., 236; or a music dealer using certain designated space in a department store, *R. H. White Co.* v. *Remick*, 198 Mass., 41; or an advertiser occupying certain space on a roof, *Jones* v. *Donnelly*, 221 Mass., 213. In this class of cases the occupant is held to be a licensee and not a tenant. Such were the rights of the defendant here, and the rules applicable to landlord and tenant are therefore not pertinent in this case. The plaintiff's rights rest in contract. His rights under an implied contract for reasonable compensation are established, but his claims under his specific demands are not proven as a matter of law. The question of acceptance under all the circumstances should at least have been left to the jury.

*Exceptions sustained.*