PETER HENDRICKSON *v.* INTERNATIONAL HARVESTER COMPANY
OF AMERICA.

October Term, 1926.

Present:   WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON,
Supr. J.

Opinion filed January 8, 1927.

*"Sales Agent"—Evidence—Proof of Contract Where Original
Destroyed—Principal and Agent—Declarations of Agent
—Corroboration of Testimony of Party as to Whom He
Gave Credit—Presumption as to Evidence Admissible for
Limited Purpose Only—Attempted Amendment of Trans-
script by Official Reporter—Burden of Proof as to Agency
—When Question of Agency for Court and When for Jury
—Declarations of Agent to Prove Agency—Proof of Agency
and Scope by Agent—To What Agent May Testify—Neces-
sity of Exception To Save Question of Admissibility of Evi-
dence—Sufficiency of Evidence of Agency—Jury Question
—Evidence to Modify and Explain Admissions of Party or
Agent—Sufficiency of Procedure To Save Exception—Con-
tracts—Silence as Consent.*

1.  A so-called "sales agent," who buys goods of another and sells
them on his own account and not otherwise, is not an agent.

2.  In action of contract for damages by breach of contract made by
alleged agent, who, while improved as a witness for plaintiff
in direct examination, testified that he was defendant's agent
at time in question, *held* that, after it had later appeared that
relation was evidenced by written contract, it was error to ex-
clude evidence offered by defendant to show what such contract
was, which would have shown that witness bought and sold
goods on his own account only, even though offer was to show
this, not by contract itself which it appeared had been de-
stroyed, nor by copy thereof, but by contract for following
year, which was substantially same as year involved.

3.  Agency cannot be proved by mere declarations of alleged agent
made out of court.

4.  In action for breach of contract, for exchange of seeders, claimed
to have been made by defendant's agents, whose agency and

11

authority were denied by defendant, where it was necessary for plaintiff to show that contract in issue was in law contract of one not party to negotiations, *held* that plaintiff might testify to whom he gave credit in making contract, and how he happened to do so.

5. In action for breach of contract for exchange of seeders, claimed to have been made by defendant's agents, *held* that plaintiff might testify that he did not contract with alleged agent, but with defendant, and in explanation and confirmation of that statement might show that one of the men referred to claimed that they were selling farm machinery for defendant.

6. Evidence admissible for one purpose will be presumed to have been limited to that purpose, unless record affirmatively shows contrary.

7. Memorandum attached to transcript after it had been filed, by reporter making transcript, attempting to amend it, no authority therefor having been granted by court allowing bill of exceptions or otherwise, will be treated as a mutilation of record and be disregarded, since transcript, if amendable after filing, could only be amended by leave and under direction of authority signing bill, or by authority of Supreme Court.

8. In action for breach of contract for exchange of seeders, claimed to have been made by defendant's agents, whose agency and authority were denied by defendant, burden of proving agency was on plaintiff.

9. In such case, *held* that question of agency when considered as basis of recovery was for jury; but when considered as basis for admission of extra judicial statements of alleged agents, was for court.

10. Where there is other evidence tending to establish agency, agent's declarations as to agency are admissible in corroboration of such agency.

11. When appointment of agent is by parol, agent is competent witness to prove agency and its scope.

12. In testifying as to agency and to scope, agent must testify as to facts and not opinions or conclusions.

13. Where question was objected to below, but no exception saved, question of its admissibility is not presented for review in Supreme Court.

14. Where defendant's admitted agent for some purposes testified that he had authority to do all that he did in making contract

for exchange of seeders, and, although question was objected to, no exception was saved, his testimony was evidence of such authority.

15. Evidence of agency *held* sufficient to warrant court in admitting declarations of alleged agent · as to agency and authority in contracting for exchange of seeders.

16. In action for breach of contract for exchange of seeders, question whether persons making contract ·were then acting as defendant's agent and thereby bound defendants, *held* for jury.

17. Where plaintiff, to show authority of alleged agent to sell, introduced in evidence one paragraph of letter from defendant's district manager referring to alleged agent as defendant's "salesman," exclusion of next paragraph of letter offered by defendant to modify and explain one received, was error, where excluded paragraph plainly indicated that it was not intention of writer to give alleged agent standing of salesman in ordinary sense of term.

18. Whenever admission of a party or an agent is given in evidence against him, all that he said at time, which in any way tends to explain such admission, is admissible, it then being for jury to weigh whole statement, and to give effect to its several parts as its judgment dictates.

19. Where counsel in making offer of evidence fully and clearly set forth grounds thereof, invoking rule of law under which admissibility was claimed, so that it was plain to court, whereupon court excluded evidence and counsel said, "Exception," *held* that silence of court under such circumstances amounted to allowance of exception.

20. Silence gives consent only when there is a duty to speak.

21. ˙Principal, who sends out agent to solicit orders for his goods, authorizing agent to take such orders subject to principal's approval, must signify to customer within reasonable time from receipt of order his rejection of it, or suffer consequence of having his silence operate as an approval.

ACTION OF CONTRACT. Plea, general issue. Trial by jury in Montpelier city court, *Burton E. Bailey,* Acting City Judge. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*John W. Gordon* for the defendant.

*H. William Scott* for the plaintiff.

POWERS, J.   In this action of contract, the plaintiff seeks to recover damages on account of the defendant's failure to deliver to him an eight-foot broadcast seeder pursuant to the contract hereinafter referred to.   Trial below was in the Montpelier city court, where the plaintiff had judgment on a verdict in his favor. The defendant brings the case here on exceptions.

On or about the 28th day of June, 1921, P. J. Hill, D. G. S. Bushnell, and John C. Hood went to the plaintiff's farm in Plainfield, and proposed to sell him any farm machinery he might require.   He finally made an arrangement with them to exchange a drill seeder which he then owned for an eight-foot broadcast seeder, the same to be delivered to him the following spring, when he was to pay ten dollars in cash.   By direction of Hill, the plaintiff delivered his drill seeder to Hood, but has never paid the ten dollars, and has never received the broadcaster.   He seeks to hold the defendant on the ground that Hood, Hill, and Bushnell were its agents in the transaction, duly authorized to make the exchange in its behalf.   The defendant denies their agency and authority, and that of each of them, and insists that there is no evidence in the transcript, which is before us, warranting a submission of the question of agency to the jury, and one of the exceptions here relied upon was saved to the overruling of its motion for a verdict.

[1, 2]   So far as Hood's relation to the defendant is concerned, the evidence stood in this way:   He was engaged in the business of selling the defendant's goods at East Barre.   He was improved as a witness for the plaintiff, and when, in direct examination, he was asked if, at the time in question, he was the agent of the defendant, he replied, ''I was, a dealer, that's what they call it.''   It is obvious that the true meaning of this answer depends largely on the way it is punctuated.   Omit one comma, and it would be, ''I was a dealer, that's what they call it.''   But the transcript gives the answer as first above written, and we accept it in that way.   Standing alone, uncontradicted and unexplained, this answer would, in the circumstances, tend to show that the relation of principal and agent existed between Hood and the defendant.   But it later appeared that that rela-

tion was evidenced by a written contract between them. The defendant offered to show just what that contract was, but the evidence was rejected and the defendant excepted. This was prejudicial error. The evidence would have shown that Hood was a so-called sales agent, only; that is to say, he bought and sold the defendant's goods on his own account and not otherwise; which, as was held in *Piper* v. *Oakland Motor Co.*, 94 Vt. 211, 214, 109 Atl. 911, does not establish an agency at all. It is true that the offer was not of the contract itself, nor of a copy of it in the usual sense of the term, but of the contract for the following year, 1922. But the uncontradicted testimony was that the contract offered was exactly like the one in force in 1921, except as to date and some minor details not important here, and that the contract of 1921 had been destroyed. In these circumstances the paper offered was admissible, as is fully shown by *Barnet* v. *Norton*, 90 Vt. 544, 548, 99 Atl. 238.

[3-7]  It was conceded that Hill and Bushnell were there in the defendant's employ; but their authority to make this contract or any other contract of like character for and on behalf of the defendant is denied. Subject to the defendant's objection and exception, the plaintiff was allowed to testify that Hill said that they were selling farm machinery for the defendant. Nothing in the law is better settled than that agency cannot be proved by the mere declarations of the alleged agent made out of court. *Sias* v. *Consolidated Lighting Company*, 73 Vt. 35, 42, 50 Atl. 554; *Prouty* v. *Nichols*, 82 Vt. 181, 184, 72 Atl. 988, 137 A. S. R. 991. *First National Bank* v. *Bertoli*, 87 Vt. 297, 311, 89 Atl. 359, Ann. Cas. 1917B, 590; *Taplin & Rowell* v. *Harris*, 88 Vt. 15, 18, 90 Atl. 956. But where, as in the case at bar, it becomes necessary for a plaintiff to show that the contract in issue was in law the contract of one not a party to the negotiations, he may testify to whom he gave credit in making it, and how he happened to do so. *McNeish* v. *Hulless Oat Co.*, 57 Vt. 316, 323; *Wilder* v. *Hinckley Fibre Co.*, 97 Vt. 45, 48, 122 Atl. 428. This plaintiff very properly testified that he did not contract with Hood, but with the defendant, and in explanation and confirmation of this statement it was proper to show that the men referred to represented themselves as agents of the defendant. The evidence, then, for this purpose was admissible; and being admissible for one purpose it will be presumed that it was limited to that purpose, unless the record affirmatively shows the contrary. *Limerick National Bank* v. *Adams*, 70 Vt. 132, 141,

40 Atl. 166; *Griffin* v. *Boston & Maine Railroad,* 87 Vt. 278, 290, 89 Atl. 220. But our examination of the transcript before us shows that the court allowed the evidence to be considered on the question of agency as the basis of the action. He charged the jury that "the declaration of the agent himself, his own signature, is evidence to prove agency." In saying this, we read the transcript as it stood when filed with our clerk,— August 3, 1926. As it now appears, there is a memorandum attached to the page on which the above instruction is dated September 16, 1926, signed by the reporter who made it, attempting to amend the transcript so that the instruction would read "The declaration of the agent himself is not sufficient evidence to prove agency." So far as shown, no authority for such amendment was granted by or known to the court allowing the bill, or otherwise. Here, then, is an unauthorized attempt to make a material change in the transcript after it had become a part of the record in this Court. Assuming that a certified transcript can be amended after such filing, it may only be done by leave and under the direction of the authority signing the bill of exceptions, or by authority of this Court. Otherwise the attempted amendment will be treated as a mutilation of the record and be disregarded.

[8-10] That the burden of proving the agency was on the plaintiff is undeniable. *Citizens Savings Bank* v. *Jenkins,* 91 Vt. 13, 23, 99 Atl. 250. That question when considered as a basis of recovery was for the jury; but when considered as a basis for the admission of the extrajudicial statements of the alleged agents, it was for the court. *Chadwick* v. *Wiggin,* 95 Vt. 515, 516, 116 Atl. 74; *Gomes & Co.* v. *Hartwell,* 97 Vt. 147, 153, 122 Atl. 461. So it remains to consider whether, excluding such admissions, there was evidence tending to establish the agency. For, if there was, then the admissions were receivable, in corroboration of such evidence. 2 C. J. 939; *Lake Grocery Co.* v. *Chiostri* 34 N. D. 386, 158 N. W. 998, 1002; *Corona Coal & Iron Co.* v. *Callahan,* 202 Ala. 649, 81 So. 591, 592; *Werth* v. *Ollis,* 61 Mo. App. 401; *Hullin* v. *Quinlan & Co.,* 195 N. Y. 109, 87 N. E. 1078, 1080, 24 L. R. A. (N. S.) 511.

[11-14] When the appointment is by parol, the agent is a competent witness to prove the agency and its scope, of course. *State* v. *Kelly,* 27 N. M. 412, 202 Pac. 524, 21 A. L. R. 156, 172; *Roberts & Son* v. *Williams,* 198 Ala. 290, 73 So. 502, 503; *Clough*

v. *Rockingham County L. & P. Co.,* 75 N. H. 84, 71 Atl. 223.
So when Hill, an admitted agent for some purposes, testified to
the effect that he had authority to do all that he did do on the
occasion of the exchange, it was evidence of that fact.    An agent,
to be sure, must testify to facts and not opinions or conclusions
(*Spinney's Admx.* v. *Hooker & Son,* 92 Vt. 146, 152, 102 Atl.
53), and we are not unmindful of the fact that Hill's statement
was, in form, an opinion; but, though it was objected to below,
no exception was saved.    So it was for consideration there, and
the question of its admissibility is not presented here.    *Under-
wood* v. *Cray,* 94 Vt. 58, 60, 108 Atl. 513.

[15-18]    The plaintiff testified that he did not contract with
Hood, and both he and Hood testified that Hill did most of the
talking.    On the whole, it would be a fair inference that Hill
negotiated the exchange and had authority from the defendant
to do so.    Bushnell produced a blank form and made out the
order for the broadcaster.    This blank was prepared and fur-
nished Bushnell by the defendant, which fact differentiates the
case from *Dickerman* v. *Quincy Mutual Fire Ins. Co.,* 67 Vt.
609, 32 Atl. 489.    As the blank was filled in, the order was ad-
dressed to J. C. Hood.    It shows that it was originally addressed
to Hill, but that name was scratched out and Hood's name writ-
ten in.    By its terms it was "subject to your approval."    On
its face was a blank space preceded by the words, "Order taken
by."    Bushnell signed his name in this blank space.    Bushnell
prescribed the final terms of the trade.    Bushnell forwarded the
instrument signed by the plaintiff to the defendant, having given
Hood and the plaintiff carbon copies of it.    It was dated June
28, 1921, and was received by the defendant (as shown by its
stamp) July 5, 1921.    The defendant did not make an eight-
foot seeder, but tried to procure one with which to fill this
order.    It was unable to do so, and in the early spring of
1922 notified Hood to that effect.    The defendant's district
manager (as we shall see) spoke of Bushnell as its salesman.
Not only was the evidence of agency sufficient to warrant the
admission of the declarations above referred to, but with those
amply sufficient to send the case to the jury on the question
of liability.    The plaintiff put in evidence one paragraph of a
letter written by Charles Steger, the defendant's manager in
charge of this territory, to the plaintiff's attorney, in which,
obviously referring to Bushnell, he said, "We have discovered

that our salesman'' had reported the sale here in question. It is apparent that this was received as evidence of Bushnell's authority to sell. The defendant then offered the next paragraph of the letter to modify and explain the one received in evidence, and subject to defendant's exception it was excluded. This was error. The excluded paragraph plainly indicates that it was not the intention of the writer to give to Bushnell the standing of a ''salesman'' in the ordinary sense of the term. The rule contended for by the defendant is unquestionable. Whenever the admission of a party (or an agent) is given in evidence against him, all that he said at the time, which in any way tends to qualify or explain such admission, is admissible. *Dean* v. *Dean*, 43 Vt. 337, 343; *State* v. *Bean*, 77 Vt. 384, 392, 60 Atl. 807; *Griffin* v. *Boston & Maine Railroad*, 87 Vt. 278, 290, 89 Atl. 220; *Turner* v. *Howard*, 91 Vt. 49, 53, 99 Atl. 236. In such cases it is for the jury to weigh the whole statement, and to give effect to its several parts as its judgment dictates. *Mattocks* v. *Lyman*, 18 Vt. 98, 103, 46 A. D. 138; *Wellman* v. *Wales*, 97 Vt. 245, 250, 122 Atl. 659.

[19]   But the plaintiff argues that the defendant saved no exception to the exclusion of its offer. The transcript shows that counsel for the defendant, in making his offer, fully and clearly set forth the grounds thereof, and invoked the rule above referred to. It was made plain to the court. The transcript then rules in this way: Court—''The third paragraph is excluded.'' Mr. Gordon—''Exception.'' We held in *Sheldon* v. *Wright*, 80 Vt. 298, 304, 67 Atl. 807, that the mere ejaculation of the word ''exception'' called for no ruling and reserved no question. But here, there was more; the required objection was made; the rule of law relied upon was stated; and in the circumstances, we think the silence of the court should be taken as a sufficient allowance of the exception.

[20, 21]   The defendant retained the order received from Bushnell and now holds it. Until this controversy arose, it made no protest and gave no sign indicating that it rejected the offer or denied the authority of Bushnell to take it. The order was subject to approval, and if the defendant was the real party it was subject to its approval. The court charged the jury that the fact that the defendant kept the order without approving it or notifying the plaintiff of its disapproval would amount to an acceptance.

True it is that it takes two to make a bargain, and that silence gives consent in these cases only when there is a duty to speak. *Gould* v. *Gates Chair Co.*, 147 Ala. 629, 41 So. 675; *Senner, etc., Co.* v. *Gera Mills*, 185 App. Div. 562, 173 N. Y. S. 265; *Prescott* v. *Jones*, 69 N. H. 305, 41 Atl. 352; *Bowley* v. *Fuller*, 121 Me. 22, 115 Atl. 466, 467, 24 A. L. R. 964; 13 C. J. 276. And true it is that it is frequently said that one is ordinarily under no obligation to do or say anything concerning a proposition which he does not choose to accept, yet we think that when one sends out an agent to solicit orders for his goods, authorizing such agent to take such orders subject to his (the principal's) approval, fair dealing and the exigencies of modern business require us to hold that he shall signify to the customer within a reasonable time from the receipt of the order his rejection of it, or suffer the consequence of having his silence operate as an approval. We are aware that there are authorities to the contrary, but the rule we adopt is supported by *Cole McIntyre-Norfleet Co.* v. *Halloway*, 141 Tenn. 679, 214 S. W. 817, 7 A. L. R. 1683; *Peterson* v. *Graham-Brown Shoe Co.* (Tex. Civ. App.), 210 S. W. 737; and *Blue Grass Cordage Co.* v. *Luthy & Co.*, 98 Ky. 583, 33 S. W. 835, and is in general harmony with *Porter* v. *Evert's Estate*, 81 Vt. 517, 522, 71 Atl. 722, and *Auer & Twitchell* v. *Robertson Paper Co.*, 94 Vt. 473, 482, 111 Atl. 570, holding that acceptance may be evidenced and communicated by conduct. So we find no error in the instruction referred to.

*Reversed and remanded.*