STATE *v.* LLOYD TINKER.

February Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 5, 1936.

*Guy M. Page, Hollis C. Porter,* and *P .C. Warner* for the respondent.

*John H. Webster,* State's attorney, for the State.

THOMPSON, J.  This is a prosecution of the respondent for adultery with Mary Corse, the wife of one Benny Corse.  Corse and his wife lived in Fletcher, Vt.  The respondent had lived in their family for one and one-half years or more prior to March 16, 1935.  Corse and his wife gave a party at their home in the evening of March 16, 1935, which was attended by several people, including the respondent.  Benny Corse, the complaining witness, and the principal witness for the State, testified on direct examination that during the evening he missed his wife, and, after a search, he found her and the respondent in a storeroom upstairs, off from a bedroom, in the act of adultery.  After he found them in the storeroom, there was considerable conversation between him and the respondent, in which Mrs. Corse joined, which we will not perpetuate by repeating.  The respondent told Corse at that time that somebody had stolen a pint of liquor from him and that he was searching Mrs. Corse for it.  They went downstairs and out onto the veranda of the house where the conversation was continued.  It was finally

ended by Corse telling the respondent to pack up his clothes and go out and stay out.

■ The respondent complains of the testimony of the witness Corse given on direct examination because of inferences adverse to him that might be drawn from that testimony; but, as the respondent did not except to the admission of any of that testimony, there is nothing before us for consideration. *State* v. *Comstock*, 86 Vt. 42, 83 Atl. 539.

Mr. Corse testified on direct examination that on the evening of the party he saw his wife sitting in the lap of the respondent. That is the only prior act of familiarity of which the State introduced evidence.

The witness Corse was asked on cross-examination: "Have you ever on other occasions seen any indications of affection between your wife and Lloyd Tinker?" and the witness replied: "Only just her running around with him." He was then asked: "When you say running around with him you mean that she and he went away alone?" and the witness replied: "Yes, sir." He was then asked: "Well, now, isn't it a fact that you frequently sent her with him?" On objection by the State, the question was excluded. That was followed by the question: "Well, weren't there times when he went away with her and it was for something that you wanted him to do?" On objection by the State, the question was excluded. He was then asked: "When you say they went away together what time of day would they go away?" and he replied: "Any time of day they wanted to." He was then asked: "And when they went away together were they on pleasure trips or on business for you?" On objection by the State, the question was excluded.

Counsel for the respondent then said:

"We would like an exception there and let the record show that our exception is based on the fact that the witness having testified that there were other occasions which he and the wife—other occasions when Tinker and his wife went away together as indicating a regard for each other between Tinker and his wife, that we have a right to show that the trips were not pleasure trips but were on business for this witness and as tending to show

that they were not clandestine trips or trips which would in effect indicate affection.''

The court then said:

"This is testimony which you are bringing out. The State doesn't claim anything for this. You are making him your own witness on this.''

Counsel for the respondent replied: "Very well.''

The witness Corse having testified on direct examination that he saw his wife sitting in the lap of the respondent on the evening of the party, it was legitimate cross-examination to ask him if he ever on other occasions had seen any indications of affection between his wife and the respondent. If the answer had been "No,'' it would have weakened the inferences that might have been drawn from the direct testimony of the witness. The witness did not answer the question directly but replied: "Only just her running around with him.'' He testified further on cross-examination that "by running around with him,'' he meant that his wife and the respondent went away alone.

When the witness Corse injected the "running around'' of his wife with the respondent as evidence of affection between them, it was legitimate cross-examination to elicit from the witness that the trips which his wife and the respondent took alone were business trips for him at his request, and not pleasure trips. That was what the examiner was endeavoring to elicit from the witness by the question that was excluded. The question was legitimate cross-examination, and it was error to exclude it.

The witness Corse testified further on cross-examination that up to the evening of the party he and his wife slept in a downstairs bedroom; that after he and the respondent had the argument, he lay down on their bed with his clothes on; that later his wife came into the bedroom, and he then got up, went out into the kitchen, sat down in a chair there and stayed there the rest of the night. He was then asked: "When you came in the next night where did you sleep?'' On objection by the State, the question was excluded as being immaterial to any issue in the case. Counsel for the respondent then said:

"We would like an exception there and let the record show that this witness having complained against his wife for the crime of adultery, we offer to show subsequent conduct on his part which would be inconsistent with his claim and would have a tendency to impeach and discredit his testimony."

To this statement, the court said: "That's excluded." The witness was then asked: "How long a time elapsed between that night and the time when you made a complaint to the State's attorney?" On objection by the State, the question was excluded. Counsel for the respondent then asked for an exception on the grounds:

"That the length of time that elapsed between the time of the happening of the event which the witness complains of and the time he made his complaint to the State's attorney would have a tendency to impeach and discredit his testimony, and would have a tendency to show his lack of good faith in making this complaint, and would further tend to show that the event in question did not occur."

To this statement, the court replied: "It is excluded."

The witness was then asked: "Did you and your wife talk over this event that you described after that night?" On objection by the State, the question was excluded, and the respondent was allowed an exception, the grounds of which were substantially the same as those stated when the respondent asked for an exception to the exclusion of the second of these three questions.

These three questions which were excluded were legitimate cross-examination, and the court committed error when it excluded them. The error was harmful because if the examiner had elicited the answers which the objections to them indicated might have been elicited, they would have tended to impeach the witness and to discredit his testimony.

■ The respondent asked for an exception to the exclusion of each of three several questions asked the witness Corse on cross-examination, and which we hold were legitimate cross-examination. An exception to the exclusion of each of the questions was not in terms allowed. The court did not refuse the respondent an exception to the exclusion of each of the questions, but was silent on that point. The respondent was entitled to an exception to the exclusion of each of the questions. In the circumstances, we think the silence of the court should be taken as a sufficient allowance of the exceptions. *Hendrickson v. International Harvester Co.*, 100 Vt. 161, 168, 135 Atl. 702.

■ While the jury were deliberating the case, they returned to the court room and asked to have some of the testimony read, and they asked the court some questions. The respondent now claims that some of the remarks of the court to the jury at that time were not correct, and were prejudicial to him. The respondent did not attempt to correct the court nor did he take an exception, so there is nothing in that incident that is before us for review.

*Judgment and sentence reversed and cause remanded for a new trial.*