**SPERO–NELSON v. BROWN et al.**
No. 10802.

United States Court of Appeals
Sixth Circuit.
June 6, 1949.

Sumner Canary, Cleveland, Ohio (Mc-Keehan, Merrick, Arter & Stewart, Sumner Canary, Cleveland, Ohio, on the brief), for appellant.

Lee C. Hinslea, Cleveland, Ohio (Leckie, McCreary, Schlitz & Hinslea, Lee C. Hinslea, Vincent M. Arnold, Cleveland, Ohio, on the brief), for appellees.

Before HICKS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant, Spero-Nelson, brought this action to recover $18,000 as the value of a diamond bracelet sent by it to the appellees on consignment, and which was lost or stolen during its return shipment to the appellant. It appeals from a judgment in its favor in the amount of $2,100, based upon a jury verdict, on the ground that it was entitled to either a judgment as a matter of law in the amount of $18,000, or, in the alternative, to a new trial upon the issue of damages because of the inadequacy of the jury verdict.

Appellant was a wholesale jeweler in New York City. Appellees were partners engaged in the retail jewelry business in Cleveland, Ohio. In October 1945, appellees had a customer for a diamond bracelet and telephoned appellant to send them a diamond bracelet in the price range of from $12,000 to $15,000. Appellant obtained a bracelet from Fabrikant Bros. Inc., a New York diamond merchant, on consignment at a price of $18,000 which it then sent to appellees by Railway Express Agency. There

was placed in the sealed package with the bracelet a consignment memorandum reading as follows:

"The goods described and valued as below are sent you for examination, remaining our property and subject to our order and shall be returned to us on demand. Sale takes effect only from date of said approval of your selection and a bill of sale is rendered.

"In consideration of the delivery of said property to the undersigned, the undersigned assumes full and unqualified responsibility for the absolute return of the said property on demand without any excuse or defense whether for accident or for any other cause mentioned or not, such obligation assumed being that of absolute insurer.

"1 Plat. Diam. Brac.          21,000.00
"Shipped via Railway Express"

The $21,000 figure represented appellant's cost plus a profit of $3,000. Appellant placed a declared valuation on it with the Railway Express Agency in the amount of $2,100. There was testimony that it was the standing custom with the appellant firm in making such shipments to put a declared value of 10% of the value stated in the consignment memorandum.

Appellees received the bracelet and kept it in their possession from October 24, 1945 until November 2, 1945, during which time they exhibited it to their customer. The bracelet was not purchased by the customer and on November 2, 1945 appellees shipped it back to the appellant by Railway Express Agency, putting upon the shipment a declared value of $500. An increased declared valuation up to $21,000 could have been placed upon the shipment by the payment of ten cents for each additional $100 valuation. The bracelet was never delivered to the appellant. Appellant subsequently paid Fabrikant Bros. Inc. $18,000 for the bracelet and brought this action against appellees for the same amount. The jury returned a verdict for appellant in the sum of $2,100, on which judgment was entered. Appellant moved to set aside the verdict and the judgment entered thereon and for the entry of a judgment in its favor in the sum of $18,000, or, in the alternative, for a new trial solely upon the amount of damages, on the ground that the verdict for $2,100 was inadequate. The District Judge overruled both motions without stating reasons therefor. This appeal followed.

Appellant contends that the consignment memorandum sent with the bracelet became the contract between it and appellees, fixing appellees' obligation as that of absolute insurer, and that upon appellees' failure to return the bracelet to it they became liable as a matter of law for the value stated in the memorandum. It reduced its demand to $18,000, the amount of its actual loss. Appellees deny that the consignment memorandum was ever agreed to by them or became the contract of bailment between the parties. It was undisputed that the memorandum was received by the appellees but was never signed by them. There was evidence that it was held for awhile and then delivered to the insurance agent who was investigating the loss, that appellees had not signed such a memorandum in previous shipments between the parties, and that appellants had acquiesced in such practice. A similar consignment memorandum accompanying the shipment of the bracelet from Fabrikant Bros. Inc. to appellant had been signed by appellant and was the basis for appellant's payment of $18,000 to Fabrikant Bros. Inc. The general rule is that silence on the part of the offeree is not consent as a matter of law in the absence of a duty to speak. Columbia Malting Co. v. Clausen-Flanagan Corp., 2 Cir., 3 F.2d 547, 551; Bowley v. Fuller, 121 Me. 22, 115 A. 466, 24 A.L.R. 964; Cincinnati Equipment Co. v. Big Muddy River Consolidated Coal Co., 158 Ky. 247, 256–257, 164 S.W. 794. The possession and display of the bracelet for a limited period was impliedly agreed upon by the parties irrespective of the memorandum and before its receipt. The memorandum contained terms not applicable to the usual bailment, and by its terms contemplated written acceptance. We are of the opinion that the District Judge was correct in declining to rule as a matter of law that the consignment memorandum became the contract of bailment between the parties,

and in submitting to the jury under appropriate instructions the issue of whether there was a meeting of minds and an agreement between the parties as stated in the memorandum. Oscar Heyman & Bros. Inc. v. Marshall Field & Co., 301 Ill.App. 340, 22 N.E.2d 776. The evidence on the question of whether the appellees agreed to the terms of the consignment memorandum under all the circumstances was that from which fair-minded men might draw different inferences, regardless of what inference might be drawn by the Court, and accordingly a jury question was presented. Hutchins v. Akron, Canton & Youngstown R. Co., 6 Cir., 162 F.2d 189, 192; Frank Hemingway, Inc. v. Southport Mills, 5 Cir., 279 F. 237; Universal Products Co. v. Emerson, 6 W.W.Harr. 553, 36 Del. 553, 179 A. 387, 100 A.L.R. 956.

■ The District Judge also properly submitted to the jury the question of appellees' liability for negligence in making the return shipment with a stated valuation of only $500, holding them to the exercise of such care as an ordinarily prudent person would exercise in such circumstances. In this connection, he charged the jury that if its verdict should be for the appellant it should find for the appellant "in an amount which you should determine from all the evidence to be the fair valuation of the bracelet which was lost, not exceeding, as I said, $18,000."

Appellant contends, however, that since the jury found the appellees liable, the verdict, under the uncontradicted evidence, should have been for not less than $12,000, and was accordingly grossly inadequate and should be set aside and a new trial granted on the question of damages.

■ Rule 59(a), Rules of Civil Procedure, 28 U.S.C.A. provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; * * *." It has long been the rule in this Circuit that one of the grounds for a new trial is that the damages awarded were grossly inadequate. Hutton v. Norfolk & W. R. Co., 6 Cir., 28 F.2d 874; Kos v. Baltimore & Ohio R. Co., 6 Cir., 28 F.2d 872; Pugh v. Bluff City Excursion Co., 6 Cir., 177 F. 399. Those same cases hold that the granting of a new trial for inadequacy of damages awarded by a jury's verdict is addressed to the discretion of the trial court. Where the jury's verdict resolves a factual question, the trial court's action in overruling such a motion cannot be reviewed by this Court unless it involves an abuse of discretion. See also United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247-248, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Johnson, 327 U.S. 106, 110-111, 66 S.Ct. 464, 90 L.Ed. 562; Robinson v. Van Hooser, 6 Cir., 196 F. 620, 627; Hines v. Smith, 6 Cir., 270 F. 132, 141; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884, 891. Compare Reisberg v Walters, 6 Cir., 111 F.2d 595.

■ Regardless of our own view of the evidence, we can not say that the Trial Judge abused his discretion in denying the motion for a new trial. The evidence pertaining to the value of the bracelet was not very definite or convincing. The appellees originally requested a bracelet worth between $12,000 to $15,000. Only one witness, out of several persons who must have seen the bracelet and been qualified to testify as to its value, gave such testimony. Neither the manufacturing jeweler nor the appellees testified as to its composition or value. Fabrikant, the one witness who testified as to value, gave a valuation ranging from a wholesale figure of at least $18,000 to $30,000 retail. He, however, evidenced lack of personal recollection of the bracelet. He did not remember how long he had had it in stock or what he paid for it when he bought it. The jury may well have reasoned that the $18,000 wholesale valuation was largely the result of seeing that figure in the consignment memorandum. The $30,000 retail valuation followed from the normal mark-up or profit in the retail trade. Appellant paid Fabrikant Bros. Inc. $18,000 but this was because it was bound to do so under the terms of the consignment agreement which it had executed at the time Fabrikant sent it the bracelet. Appellant had placed a valuation of only $2,100 on the bracelet in shipping it to the appellees. Appellees had placed a valuation of $500 in shipping it back to the appellant.

Although testimony as to value may be properly received from qualified expert witnesses, the jury may exercise its independent judgment as to value even if such testimony be uncontradicted. The Conquerer, 166 U.S. 110, 131, 17 S.Ct. 510, 41 L.Ed. 937; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 628, 64 S.Ct. 724, 88 L.Ed. 967. The fact that a witness is interested in the result of the suit is sufficient to require the credibility of his testimony to be submitted to a jury as a question of fact. Sonnentheil v. Christian Moerlein Brewing Co., 172 U.S. 401, 408, 19 S.Ct. 233, 43 L.Ed. 492.

The case of Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463, involved an issue very similar to the one under consideration. In an action under insurance policies to recover the value of stolen jewelry the jury returned a verdict of $10,700 where the evidence showed a loss of over $51,000. The trial judge refused to grant plaintiff a new trial, which ruling was affirmed. The Court said: "At least when there is no limit fixed by law, or conceded, and when the jury has fixed more than nominal damages, we can not review an order denying a new trial, the only act of the judge which can be challenged." The opinion discussed the history and reason for the rule, pointing out that the question before an appellate court is not the same as that before the trial judge. It also referred to and distinguished several seemingly contrary rulings, including the case from this Circuit of Pugh v. Bluff City Excursion Co., supra, making it unnecessary to discuss such cases here. The ruling in Miller v. Maryland Casualty Co., supra, was followed in Kopfinger v. Atlantic Transport Co., 2 Cir., 44 F.2d 1016, certiorari denied, Atlantic Transport Co. v. Kopfinger, 282 U.S. 900, 51 S.Ct. 213, 75 L. Ed. 793.

The case of Miller v. Maryland Casualty Co., supra, was reviewed and discussed by this Court in Reisberg v. Walters, supra. Although the judgment of the District Court overruling the motion for a new trial was reversed by this Court in the Reisberg case, our ruling was based on exceptions to the general rule as set out in the opinion in Miller v. Maryland Casualty Co. In the Reisberg case the jury's verdict was for less than the uncontroverted and admitted expenses of the injured party, and allowed nothing for personal injuries. In our opinion it demonstrated a failure to consider essential elements of damage and a failure to abide by the instructions of the court. The denial of the motion for a new trial was accordingly properly considered as an error of law, rather than a review of a verdict involving only a question of fact. In the present case only one element of damage was involved, with the evidence uncertain and subject to possible different interpretations. The verdict on this purely factual issue was substantial, although claimed to be very inadequate, and the ruling of the District Judge is reviewable only for abuse of discretion.

Judgment affirmed.