PUGH v. BLUFF CITY EXCURSION CO.

(Circuit Court of Appeals, Sixth Circuit. March 8, 1910.)

No. 1,988.

1. TRIAL (§ 216*)—INSTRUCTIONS—DAMAGES.

Plaintiff, in an action for the wrongful killing of her son, if entitled to recover at all, was entitled to recover substantial damages; it being shown that the son was 29 years of age, in good health, earning $20 a week, and that she was dependent upon him for her support. The jury, having been correctly instructed as to the measure of damages, reported a disagreement, and asked if they might find a verdict for nominal damages, to which the court replied that they were authorized to find a verdict for such damages as under all the evidence and the charge they thought plaintiff was entitled to recover, after which they returned a verdict for plaintiff fixing her damages at $1. *Held* that, while the court's instruction was correct in point of law, the court should have gone further and prevented the jury from returning a verdict for nominal damages.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 216.*]

---

2. APPEAL AND ERROR (§ 977*)—NEW TRIAL—REVIEW. ·

The rule that the overruling of a motion for a new trial is an exercise of discretion, which will not be reviewed, does not apply where the verdict is inconsistent on its face and shows an abuse of power on the jury's part. ·

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

3. NEW TRIAL (§ 58*)—DUTY TO GRANT—DISCRETION.

Where a verdict is inconsistent on its face and shows an abuse of the jury's power, the court's obligation to grant a new trial is a positive duty and is not discretionary.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 58.*]

4. APPEAL AND ERROR (§ 232*)—VERDICT—OBJECTION AND EXCEPTION.

Where a verdict for nominal damages was inconsistent and an abuse of the jury's power, a motion for a new trial, promptly made on the ground that the verdict was contrary to law and the evidence, constituted a sufficient objection to the verdict, and an exception to the denial of the motion was sufficient to preserve the matter for review.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 232.*]

In Error to the Circuit Court of the United States for the Western District of Tennessee.

Action by Mary Pugh, administratrix of Jesse P. Pugh, deceased, against the Bluff City Excursion Company. Judgment for plaintiff for nominal damages, and she brings error. Reversed, and new trial ordered.

G. T. Fitzhugh, for plaintiff in error.

H. C. Warinner, for defendant in error.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

PER CURIAM. The plaintiff, who is a widow, brought suit against the defendant to recover damages for causing the death of her son by negligence in the management of a vessel on which he was a passenger. Such an action is given by a statute of the state in which the occurrence happened. On the trial it was testified that the son at the time of his death was 29 years old and in good health; that he was capable of earning, and at the time of his death had been earning, $20 a week; that she was almost entirely dependent upon her son and a daughter who contributed to her support. These facts were not seriously disputed. After being out for some time to consider their verdict, the jury came into court and reported a disagreement and asked if they might find a verdict for nominal damages, to which the court replied that they were authorized to find a verdict for such damages as under all the evidence and the charge previously given they thought the plaintiff was entitled to recover. The jury returned this verdict:

"We, the jury, find a verdict for the plaintiff and fix the damages at one dollar."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff moved for a new trial upon grounds, one of which was that the verdict was contrary to the law and the evidence. The motion was overruled, and the plaintiff excepted. One of the errors assigned is the same as the one assigned as a ground for a new trial.

. The charge of the court previous to the retiring of the jury was unexceptionable, and the answer given to the inquiry made by the jury was correct in point of law; but the court should have gone further and prevented the jury from doing what they seemed to be contemplating. It is the general rule that the granting of a new trial is a matter of discretion, and will not be reviewed. But it is not so where the verdict is inconsistent on its face and shows the abuse of power on the part of the jury. If the granting of the motion is a positive duty, it is not discretionary. If it is necessary to correct a mistrial, it becomes a positive duty to set aside the erroneous proceeding and grant a new trial. And such, we think, was the case here. The jury found the plaintiff was entitled to recover. And if she was, it was absurd to say that she was entitled to only nominal damages. The conclusion seems unavoidable that the verdict was simply a compromise to prevent a disagreement. Its effect was to cut off the plaintiff from her privilege of having another trial if the jury were unable to agree upon the question of her right to recover. And upon the new trial to which she was entitled, she might be able to satisfy the jury that she was entitled to recover upon the merits of the action and have substantial damages.

. The motion, promptly made, for a new trial, was a sufficient objection to the verdict, and the exception to the refusal of the motion was also sufficient.

Without determining other questions, we must reverse the judgment, and direct the court below to award a new trial.