### GLENWOOD IRR. CO. v. VALLERY.

### VALLERY v. GLENWOOD IRR. CO.

(Circuit Court of Appeals, Eighth Circuit. January 26, 1918.)

#### Nos. 4833, 4834.

1. JURY ⬡37—REVIEW—FINDINGS BY JURY—AMOUNT OF RECOVERY.

Where the amount plaintiff was entitled to recover was uncontroverted, and the court charged the jury to find for that amount in event they found for plaintiff, a reversal of judgment based on a verdict for a less amount is not a violation of the rule that a fact tried by jury cannot be re-examined in the federal courts, otherwise than according to the rules of the common law, because the amount of the recovery was not in issue or submitted.

2. APPEAL AND ERROR ⬡979(5)—REVIEW—DISCRETION—REFUSAL OF NEW TRIAL.

Where the amount of plaintiff's recovery was uncontroverted, but the jury, in violation of the court's charge, found for a less amount than that established by the evidence, the reversal of a judgment based on such verdict was not a violation of the rule that a refusal of the trial court to disturb the verdict on motion for new trial is a matter of discretion, for it was the duty of the trial court as a matter of law to decline to enter judgment upon such verdict.

3. APPEAL AND ERROR ⬡979(5)—REVIEW—DISCRETION OF TRIAL COURT.

Where the trial court, though the jury, in violation of the instructions, found for an amount less than that which the uncontroverted evidence showed plaintiff was entitled to recover, if at all, the refusal of a motion for a new trial was such an abuse of discretion that a reversal of the judgment on writ of error was proper.

4. COURTS ⬡295—FEDERAL COURTS—JURISDICTION.

The federal court may entertain a suit by a receiver appointed therein against a resident of the state of which the receiver was a resident.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by George W. Vallery, as receiver of the Colorado Midland Railway Company, against the Glenwood Irrigation Company. There was a judgment for plaintiff for partial relief, and both parties bring error. Judgment reversed on plaintiff's writ, with directions to grant new trial, and defendant's writ of error dismissed.

E. L. Clover, of Denver, Colo., for plaintiff in error in No. 4833.

Henry T. Rogers, Daniel B. Ellis, Lewis B. Johnson, Pierpont Fuller, and George A. H. Fraser, all of Denver, Colo., for defendant in error in No. 4833 and plaintiff in error in No. 4834.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

AMIDON, District Judge. Vallery, as receiver of the Colorado Midland Railway Company, brought an action, as plaintiff, against the Glenwood Irrigation Company, as defendant, to recover damages for a trestle destroyed by fire alleged to have been set by defendant. The value of the bridge and the expense caused by its destruction was fixed by the evidence at $1,973.89. As to this amount there was no controversy. The trial judge in his charge told the jury in substance that, if they found in favor of the plaintiff, he was entitled to recover that amount. It was developed in the evidence that the railroad company carried insurance upon its trestle, for which it had collected $1,200; but the judge in his charge told the jury expressly that no deduction could be made from their verdict on account of the insurance. The jury, in disregard of the charge, returned a verdict in favor of the plaintiff for $760.03. It is reasonably clear that they arrived at this amount by deducting the $1,200 from the amount of plaintiff's damages. Both parties immediately excepted to the verdict, and both parties have sued out writs of error to review the judgment entered upon it. Plaintiff asks that it be set aside because, as a mathematical demonstration, it was contrary to law as declared to the jury by the court; the defendant, for errors of law occurring at the trial.

[1-3] No issue was submitted to the jury as to the amount of plaintiff's recovery. They were confined by the charge to determining defendant's liability for the fire. It is manifest, therefore, that the amount of the damages was not "a fact tried by the jury," within the meaning of the Seventh Amendment to the federal Constitution. The verdict is perverse and directly violative of the charge of the court. When that appears as a matter of mathematical calculation, the verdict cannot stand. It is error of law to enter judgment upon it, which an appellate court may properly review. The verdict stands in this case as it would in a suit on a promissory note for $2,000, upon which no payment had been made, and the jury returned a verdict for $1,000. The judgment in such case for $1,000 would be reversible as for an error of law. Pierce v. Schaden, 62 Cal. 283. Such a reversal does not violate the rule that a fact tried by a jury cannot be

re-examined in the federal courts otherwise than according to the rules of the common law, because the amount of damages was not in issue and was not submitted to the jury for trial. Nor does such a decision violate the rule that a refusal of the trial court to disturb the verdict on motion for new trial is matter of discretion, because the duty not to enter judgment upon such a verdict is one of law, and not of discretion. Or, if there was discretion, it was so abused as to support correction on writ of error. Pugh v. Bluff City Excursion Co., 177 Fed. 399, 401, 101 C. C. A. 403; James v. Evans, 149 Fed. 136, 141, 80 C. C. A. 240; Higgins v. U. S., 185 Fed. 710, 717, 108 C. C. A. 48; Thompkins v. M., K. & T. Ry. Co., 211 Fed. 391, 397, 128 C. C. A. 1, 52 L. R. A. (N. S.) 791.

[4] Defendant attacked the jurisdiction of the court because both plaintiff and defendant were citizens of Colorado. That objection, however, is not tenable, because the plaintiff was a receiver appointed by the federal court.

On the question of defendant's liability there was sufficient evidence to justify the submission of the cause to the jury.

The judgment is reversed on plaintiff's writ of error, with direction to grant a new trial. In view of the conclusion reached, defendant's writ of error is dismissed.