UNITED PRESS ASS'NS v. NATIONAL NEWSPAPERS ASS'N.

(Circuit Court of Appeals, Eighth Circuit.` November 21, 1918.)

No. 5157.

1. APPEAL AND ERROR ☜1195(1)—RETRIAL—LAW OF CASE.
    A decision on a former writ of error that plaintiff was entitled to recover future profits is the law of the case on subsequent trial; the relevant facts remaining the same.

2. APPEAL AND ERROR ☜1062(1)—HARMLESS ERROR—SUBMISSION OF QUESTION TO JURY.
    The erroneous submission of issues to the jury is harmless, where the verdict is in favor of the plaintiff in error.

3. APPEAL AND ERROR ☜977(1)—DENIAL OF NEW TRIAL—ABUSE OF DISCRETION.
    While ordinarily the ruling of the trial court on motion for new trial is not subject to review, the motion being addressed to the sound discretion of the court, yet, if an abuse of discretion is shown, the matter may be reviewed.

4. NEW TRIAL ☜75(3)—GROUNDS—INCONSISTENT VERDICT.
    In an action for breach of contract, where the jury found that defendant broke the contract, but awarded plaintiff a much less sum than the undisputed evidence showed it was entitled to recover, held, that the verdict was so inconsistent that the refusal of the trial court to grant plaintiff a new trial was an abuse of discretion.

5. ESTOPPEL ☜88(1)—EQUITABLE ESTOPPEL—DAMAGES.
    A telegram by plaintiff's agent, stating that the damages for a certain breach of contract would not be less than $500, held not to estop plaintiff from claiming greater damages in a subsequent suit on the contract.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the United Press Associations against the National Newspapers Association. There was judgment for plaintiff for part only of the recovery sought, and plaintiff brings error. Reversed, and new trial ordered.

G. B. Arnold, of St. Louis, Mo. (Tyson Dines, Jr., of Denver, Colo., and J. W. Curts, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Frank M. Lowe, of Kansas City, Mo. (John T. Bottom, of Denver, Colo., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and ELLIOTT, District Judge.

CARLAND, Circuit Judge. [1] This case was before us at a previous term, and a reference to the opinion then rendered is made for a

statement of facts.  237 Fed. 547, 150 C. C. A. 429.  On the former writ of error it was decided that upon the facts found by the trial court the plaintiff was entitled to recover future profits.  This result was reached by deciding that on the facts found the plaintiff had not waived its right to treat the contract between the parties at an end on March 13, 1911.  This is the law of the case; the relevant facts remaining the same.  The evidence whereby the defendant sought to justify its breach of the contract was not considered by us when the case was here before, as such a defense had not then been pleaded. By an amendment which is known in the record as the third defense of defendants' second amended answer, the defense of justification is pleaded; but, as the jury found in favor of the plaintiff on that issue, any error committed by the court in submitting to the jury the evidence relating to justification was not prejudicial, and therefore no cause for reversal.

[2]  The facts upon which we based our decision when the case was here before consisted largely of letters and telegrams, and this evidence was the same on the second trial of the case as on the first. Notwithstanding this, the trial court submitted the questions which we had decided to the jury.  This was error, but as the jury found for the plaintiff it was error without prejudice, and not cause for reversal.

[3]  It is assigned as error that the trial court abused its discretion in denying the motion for a new trial.  Ordinarily the ruling of the trial court on motion for a new trial is not subject to review, the motion being addressed to the sound discretion of the trial court.  There is, however, an exception to this rule in cases where the trial court has, as the law terms it, abused its discretion.  Pugh v. Bluff City Excursion Co., 177 Fed. 399, 101 C. C. A. 403; Vallery v. Glenwood Irrigation Co., 248 Fed. 483, 160 C. C. A. 493.

[4, 5]  On the question of damages there was an item of $875 conceded to be due from defendant to plaintiff for services rendered under the contract.  This sum, with interest, amounted to $1,259.  The jury were instructed to return a verdict for this amount in favor of the plaintiff.  The other damages claimed were for future profits, had the contract been performed by defendant.  The jury retired for deliberation on their verdict June 6, 1917.  On the next day they returned their verdict in favor of the plaintiff for $1,259, as directed by the court, and assessed damages for future profits at $1.  This verdict, being manifestly inconsistent with the evidence and charge of the court, was not received, and the court, at the request of counsel for both parties, resubmitted the case to the jury in the following language:

"Gentlemen of the jury, it is believed by counsel for each of the parties, and also by the court, that your verdict is inconsistent, so much so that it cannot stand.  Your verdict involves the necessary implication that you find that the defendant broke the contract, but it refuses to allow anything more than merely nominal damages; whereas, there is no controversy whatever in the case as to the approximate amount of that damage, and under these facts appearing from the evidence in this case, if you find that the defendant broke the contract, then the plaintiff is entitled to substantial damages.  If, on the other hand, you find that the defendant did not break the contract, then the plaintiff is not entitled to any damages at all—not even $1.  It is true that

under the instructions of the court both of these subjects and questions of law were left to you—that is, whether or not the contract was broken, and also the amount of damage. Those questions still remain with you, and are the questions for you to consider when you go back to the jury room. If the contract was broken as charged, I repeat, then the plaintiff is entitled to more than $1 damages, under the uncontradicted evidence; if the defendant did not break the contract, then the plaintiff is not entitled to any damages— not even $1, and your verdict must be consistent in that respect, so the bailiff will hand you this form of verdict, and you will retire to further consider."

There was no exception to this charge by either party. In the original charge the court stated the items of damage which the plaintiff claimed, and also stated the total amount to be $13,017, irrespective of the item of $1,259. In the supplemental charge the court stated that there was no controversy whatever in the case as to the approximate amount of plaintiff's damages, if the defendant broke the contract. This statement was true. The damages according to the evidence of the plaintiff amounted to $13,017. Conceding all that the defendant claimed on the question of damages, they amounted to $11,317.30. The jury returned a second verdict in favor of plaintiff for the sum of $1,259, as directed, and fixed the damages for future profits at $500. In explanation of the amount allowed for future profits, we are referred by counsel to a telegram sent by Mr. Clayton D. Lee, formerly vice president of the plaintiff, to the defendant, which reads as follows:

"New York, February 10, Mr. F. G. Bonfils, Care the Kansas City Post, Kansas City, Missouri. Our Kansas City manager reports that you have served notice on him that bureau space and proofs will be refused United Press after Sunday unless your request for a discontinuance of our day service is granted refusal of access and news will be plain breach of your contract damage to us will be not less than five hundred dollars. Our contract made in good faith will be protected."

This telegram was sent long before this suit was commenced, and was simply the opinion of the sender of what damages would be suffered in regard to the items referred to in the telegram. The statement that plaintiff's damages would not be less than $500 in no way estopped the plaintiff from showing that they were much more. If this telegram had been the only evidence in the case on the question of damages, it would not have supported a verdict for the plaintiff in any sum whatever. Neither can the telegram be used to reduce the damages actually proven to the sum of $500. On the evidence the last verdict was just as inconsistent as the first.

It is our opinion that the trial judge, being an integral part of the court charged with the duty and responsibility of seeing that justice was administered between the parties, should have granted a new trial, and that his failure so to do was an abuse of his discretion. The jury not only disregarded the undisputed evidence in the case, but also the charge of the court.

For the error in refusing to grant a new trial, the judgment below is reversed, and a new trial ordered.