## HOTEL McALLISTER v. COBURN.

(Circuit Court of Appeals, Fifth Circuit. March 17, 1927.)

No. 4848.

1. Appeal and error ⚖⇒237(5)—Without motion to direct verdict, assignments that verdict is contrary to evidence, excessive, and conflicts with instructions, present nothing for review.

In absence of motion to direct verdict, assignments of error that verdict was contrary to evidence, that damages fixed thereby were excessive, and that it contravened instructions, present nothing for review, though all the evidence is brought up in record.

2. Courts ⚖⇒405(2)—Objection that jurisdiction of District Court by diversity of citizenship is not shown, not raised in District Court, is settled by verdict.

Objection that record does not show jurisdiction in the District Court by diversity of citizenship, not raised in District Court, will not be considered by Circuit Court of Appeals, and is settled by verdict.

3. Courts ⚖⇒322(2)—Allegation in declaration of diversity of citizenship is not denied by plea of not guilty.

Under Florida practice, allegation in declaration of diversity of citizenship is not denied by plea of not guilty, but goes merely to a denial of the wrongful act on which action for false imprisonment is based.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Action by George H. Coburn against the Hotel McAllister. Judgment for plaintiff, and defendant brings error. Affirmed.

St. Clair Adams, of New Orleans, La., and John C. Gramling, of Miami, Fla. (Gramling & Flowers, of Miami, Fla., on the brief), for plaintiff in error.

John S. Benz and E. B. Kurtz, both of Miami, Fla. (Kurtz & Reed and Shutts & Bowen, all of Miami, Fla., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, plaintiff below, brought suit to recover damages for false imprisonment, to which the defendant filed a plea of not guilty. The case was tried to a jury, and resulted in a verdict for $3,500, on which judgment was entered. [1] The only errors assigned are as follows: (1) the verdict is contrary to the evidence; (2) the damages fixed by said verdict are excessive; (3) the verdict is in contravention with the instructions of the court. The errors assigned present nothing for review in this court. The entire evidence, apparently, is brought up in the record; but, as there was no motion to direct a verdict, we are not at liberty to examine it, with the view of reversing the judgment.

[2, 3] Plaintiff in error also suggests that the record does not show jurisdiction in the District Court by diversity of citizenship. This question was not raised in the District Court. The declaration alleges that the plaintiff is a resident and citizen of the state of New Jersey and defendant is a corporation organized and existing under the laws of Florida. We do not understand that, under the practice in Florida, this averment is denied by a plea of not guilty, which goes merely to a denial of the wrongful act upon which the action is based. Varnes v. Seaboard Air Line R. Co., 80 Fla. 624, 86 So. 433. Furthermore, we think this question is also settled by the verdict.

Affirmed.