MEADOR et al. v. NATIONAL LIBERTY
INS. CO. OF AMERICA.

No. 6356.

Circuit Court of Appeals, Fifth Circuit.

Nov. 24, 1931.

Guy Rogers and John E. Kilgore, both of Wichita Falls, Tex., for appellants.

Robert Lee Guthrie, of Dallas, Tex., and Walter Nelson, Jr., of Wichita Falls, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

On the night of December 22, 1929, a bus collided with appellants' truck which was then standing in or on the public highway. The bus was practically demolished. Appellee, the carrier of insurance on the bus, having paid its owners $3,250, became by the terms of the policy and an express assignment subrogated and entitled to their cause of action against appellants, the owners of the truck. This appeal has resulted from the verdict and judgment for $1,875 in their favor.

It was developed on the trial without contradiction that the truck was parked upon the paved part of the highway. Henry, the driver of defendants' truck, himself admitted that it in part occupied the pavement. It was plaintiff's contention, supported by the testimony of its witnesses, that the truck was left in this dangerous position without lights, and that this negligence was the proximate cause of the collision. It was defendants' contention that though the truck was indeed standing in part upon the paved highway it was properly and completely lighted, and that the proximate cause of the collision was the contributory negligence of the driver of the bus. No motion was made to direct a verdict, and plaintiff and defendants upon appropriate charges, none of which are complained of, went to the jury upon their respective theories.

Appellants assign only four errors. The first three relate to rulings admitting or rejecting testimony; the fourth assigns error in the overruling of defendants' motion in arrest and for a new trial. This assignment obviously presents nothing for our consideration. Appellants, by going to the jury upon the issue of contributory negligence without moving for a directed verdict, affirmed that the issue was one for the jury. They may not now complain of the action of the court in doing what appellants not only did not then object to its doing, but by requesting special charges submitting that issue, affirmatively requested it to do.

· Pugh v. Bluff City Excursion Co. (C. C. A.) 177 F. 399, and Glenwood Irr. Co. v. Vallery (C. C. A.) 248 F. 483, cited by appellants in support of their claim that this specification may be considered, are not at

all in point. Those cases presented records where, in the opinion of the appellate courts, the verdicts on their faces showed such abuses of power on the part of juries as that justice required their correction. No such case at all appears here. Here upon stoutly contested issues of negligence and proximate cause the jury rendered a verdict reasonable in amount, and, as far as appears from the record, in accord with the truth of the issues which they tried.

■ Of the three specifications of error in the court's rulings upon testimony we may consider only two; that complaining of the testimony of plaintiff's witness Gann as to the value of the bus, which testimony fixing the value at $1,850, about one-half what the plaintiff paid the insured, and one-half the value placed upon the bus by the plaintiff's other witness, the jury accepted as true, and that complaining of the cross-examination of defendants' witness Henry. The third specification as to the exclusion of the testimony of defendants' witness Koonce presents nothing for our consideration, since the bill of exceptions contains no statement of what the witness would have testified to if he had been permitted to do so. In this state of the record, where we cannot know whether injury resulted from the ruling, whether the court erred in rejecting the proffered testimony presents but an academic speculation.

■ We take up now the two errors which are properly before us. The assignment upon Gann's testimony is without merit. Under the rule established in the leading case of Montana R. Co. v. Warren, 137 U. S. 353, 11 S. Ct. 96, 34 L. Ed. 681, it was clearly within the discretion of the trial judge to admit the testimony of Gann. Indeed, appellants do not seriously assert the contrary. Their real position is that the trial court, by its ruling upon plaintiff's and defendants' proffer of substantially the same testimony, has made fish of one and fowl of the other. The correctness of this position, in the state of the record, we cannot review.

■ Nor do we find more merit in appellants' second specification, that the court erred in permitting the cross-examination of the driver of the truck as to his arrest on the charge of parking his truck without lights on the highway. Appellants argue the matter here as though the trial court had permitted inquiries regarding the commission by the witness of collateral and independent misdemeanors for the purpose of affecting his credibility. The matter did not

come up in that way at all. The plaintiff vigorously asserted and has vigorously maintained by its proof that the driver had left an unlighted truck on the highway. This the defendants denied. Among other witnesses offered by them in disproof of the charge was the driver of the truck. He testified that the truck had stopped because of motor trouble and trouble with battery and ignition, and that being unable, because of its being heavily loaded, to get the truck off the road, he had worked on it until dark, and then having no flash-light or other lights to work with, he, after directing the proprietor of the filling station, near where the truck was stopped, to put in a new battery, went to town for assistance, leaving two good headlights burning. This witness as the main witness for defendants and the one causing the injury, if plaintiff's theory was correct, was subjected by plaintiff to a vigorous cross-examination to obtain an admission that he did leave his truck unlighted. In the course of that cross-examination he was questioned, without objection from defendants, as to conversations with the state highway patrolman about not having headlights, and as to whether he plead guilty in the criminal court of Abilene to the charge of leaving the truck on the highway without lights. He answered both of these questions in the negative, stating, however, still without objection, that he had a hearing over there "but I was not present; I could not state whether my attorney plead guilty for me and paid the fine or not." Thereafter he was asked: "You were placed under arrest for leaving that truck on the highway without lights, weren't you?" To which defendant— "We object to that as prejudicial and immaterial." The objection being overruled, further cross-examination followed in an unsuccessful attempt to elicit from the witness an admission that he had been arrested and had plead guilty to leaving an unlighted truck on the highway.

If the court had merely overruled the objection without more, the defendants could not have complained, because the witness had already testified without objection that there was an arrest and a hearing on account of leaving the truck on the highway, and no added admission was elicited by the question objected to, and because if there had been it would have been the legitimate fruit of a properly vigorous cross-examination designed to shake the witness' positive testimony on direct, that he had left his lights burning. By his action, however, in

instructing the jury that they should not consider the question or the answer as evidence that the witness did leave his car on the highway without lights, but that they should consider the question and answer only upon the issue of credibility, the court deprived the colloquy of significance, leaving it colorless and without meaning and therefore without prejudice.

The judgment being without error, it is affirmed.