## CUB FORK COAL CO. et al. v. FAIRMOUNT GLASS WORKS.

### No. 4554.

Circuit Court of Appeals, Seventh Circuit.

June 4, 1932.

Connor Hall and O. J. Deegan, both of Huntington, W. Va., for appellants.

Paul Y. Davis, James W. Noel, Henry H. Hornbrook, Charles Remster, Albert P. Smith, Kurt F. Pantzer, and Ernest R. Baltzell, all of Indianapolis, Ind., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

This case has been before this court on two previous occasions. 19 F.(2d) 273; 33 F.(2d) 420. Reference is made to these two opinions for a detailed statement of the facts. Briefly stated, appellants' action is one to recover damages for the alleged breach of a contract made with appellee whereby 17,500 tons of coal were sold at $6.50 per ton. Appellee denied any breach of its contract, and sought by counterclaim to recover damages from appellants because of their alleged failure to deliver the coal as specified in the contract.

The agreement, which was in writing, called for the delivery of 1,000 tons in the month of July, 1920, and 1,500 tons each month thereafter. Coal was shipped pursuant to the contract as follows: July, 677.85 tons; August, 1,242.95 tons; September, 1,616.15 tons; October, 1,062.5 tons; November, 2,039.5 tons; and to December 4, 1920, 93.2 tons. On December 4, 1920, appellee wired appellants, "Stop all shipments to us until further notice," and refused to accept four cars that arrived shortly thereafter. The price of coal slumped badly during the period covered by the contract. When appellee refused to take any more coal, the price had fallen some $2 below the contract price, and the bottom had not been reached. The jury returned a verdict in favor of appellants and assessed their damages at $1. Appellants moved to set aside the verdict and for a new trial, but the court overruled this motion and entered judgment in appellants' favor for $1 and costs.

Without discussing the evidence bearing upon the issues which the pleadings tendered, we will merely observe that the verdict in favor of appellants upon the issues which determined liability was amply sustained by the evidence. In fact, as to all issues other than the amount of damages, the only debatable question was over appellants' right to a directed verdict. This was our conclusion on the previous appeal upon evidence quite similar to that presented on the last trial. Inasmuch, however, as the reversal by this court was with directions to grant a new trial, the District Court properly held that all issues of fact had to be tried anew, and neither party was bound by the record made upon the previous trial. As the jury found in favor of appellants upon the issues determinative of liability, the assignments of error, which deal with questions arising out of such issues, may be ignored and our attention directed to those assignments which deal with the question of damages. As to this issue, the facts are not involved.

Appellee breached its contract without justification on December 4, 1920. The market price of coal is shown for each day of the month, and the average price per month is also disclosed, so that the actual amount of damages is quite definitely ascertainable. There is a slight discrepancy in the statements of witnesses who testified as to the market value of the coal. One witness, for example, placed the value of such coal in April at $2.60 to $2.70, whereas another witness placed it at $2.75 and another placed it

at $2.90. This was the widest differen.ce of opinion appearing in the entire record. There is also a difference in the testimony respecting the amount shipped and the amount received. This difference was due apparently to the fact that the railroads confiscated a small amount of the coal on several occasions.

Against appellants' damages, appellee sought to recover its alleged damages for appellants' failure to deliver the tonnage specified for the months of July, August, and October. The market value of coal for these months is likewise not in serious dispute. The contract called for the delivery of a total of 7,000 tons during the first five months. 6,638.95 were shipped.

■ It is evident that on any hypothesis appellants were entitled to recover over $18,-000. The jury fixed the damages at $1. The verdict should have been set aside, and a new trial ordered on appellants' motion. United Press Ass'ns v. Nat. Newspapers Ass'n (C. C. A.) 254 F. 284; Pugh v. Bluff City Excursion Co. (C. C. A.) 177 F. 399; Stetson v. Stindt (C. C. A.) 279 F. 209; James v. Evans (C. C. A.) 149 F. 136; Glenwood Irrigation Co. v. Vallery (C. C. A.) 248 F. 483; Smith v. United States (C. C. A.) 281 F. 696.

■ As a new trial is required, the question arises, Should the parties again be permitted to litigate all of the issues presented by the pleadings or should the new trial be limited to an ascertainment of the damages? The recent case of Gasoline Products Co. v. Champlin Refining Co., 283 U. S. 494, 51 S. Ct. 513, 75 L. Ed. 1188, and the earlier case of Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, must constitute our guide in answering this question.

Prior to the announcement of the decision in the Gasoline Products Case, this court and numerous other federal courts had followed the practice approved in this decision. Chicago & A. R. Co. v. Allen (C. C. A.) 249 F. 280; Farrar v. Wheeler (C. C. A.) 145 F. 482; Calaf v. Fernandez (C. C. A.) 239 F. 795; Atteaux & Co. v. Pancreon Mfg. Corp. (C. C. A.) 22 F.(2d) 749; Original Sixteen to One Mine v. Twenty-One Mining Co. (D. C.) 254 F. 630; Id. (C. C. A.) 265 F. 469; Empire Fuel Co. v. Lyons (C. C. A.) 257 F. 890; Thorpe v. National City Bank of Tampa (C. C. A.) 274 F. 200; Bird v. U. S. (C. C. A.) 24 F.(2d) 933; United States v. Phillips (C. C. A.) 24 F.(2d) 195; Drainage Dist. No. 7 v. Sternberg (C. C. A.) 15 F.(2d) 41; Chicago, Rock Island & Pac. R. Co. v. Stephens (C. C. A.) 218 F. 535.

We see no reason for directing a new trial on any issue other than damages.

In view of the Slocum decision, supra, we are not at liberty to direct judgment for such amount as we believe would fairly represent appellants' damages. We may, however, give the parties an opportunity to dispose of this cause without further litigation, and the case is one which loudly calls for such action. We have computed the appellants' damages upon the basis most favorable to appellee—that is, by taking the highest market price which the evidence would warrant. Likewise, we have assumed that appellee is entitled to recover something upon its counterclaim, and on such hypothesis we have figured its damages on market prices most favorable to it. The computations show appellants to be entitled to $18,250 with interest at the rate of 5 per cent. from December 4, 1920.

The judgment must be, and will be, reversed unless within thirty days from the announcement of this opinion both parties file with the clerk of the court a consent to the entry of a judgment in appellants' favor, in the sum of $18,250 together with interest at the rate of 5 per cent. from December 4, 1920, and costs, or in such other sum as may be agreed upon. In case such written consent is filed, then the judgment will be modified by inserting the sum of $18,250 or such other agreed sum and interest from December 4, 1920, and costs in the place of $1, and, as so modified, the judgment will be affirmed. In case either party does not file such written consent within thirty days from the announcement of this opinion, the judgment will be reversed with costs, with directions to grant a new trial, but such new trial will be limited only to an ascertainment of the amount of appellants' recoverable damages and the amount of appellee's counterclaim if upon a new trial it appears that appellee is entitled to any recovery or set-off on its counterclaim.