## WESTERN PRODUCE CO., Inc., v. FOLLIARD.

### No. 8592.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1937.

Rehearing Denied Jan. 15, 1938.

Thos. E. Hayden, Jr., of Abilene, Tex., for appellant.

Dallas Scarborough and W. R. Ely, both of Abilene, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment for damages resulting from personal injuries sustained by appellee when her automobile was struck from the rear by a truck operated by appellant.

Appellee's petition charged negligence in driving the truck at an unreasonable speed on a crowded street, without sufficient brakes, and in failing to stop the truck before it collided with her automobile. The proof did not support the charges of insufficient brakes and unreasonable speed, and no such issue was submitted to the jury. Appellant's answer denied the allegations of negligence and charged that appellee was negligent in suddenly stopping her car without warning or signal and for no apparent reason, and in not keeping a proper lookout for vehicles approaching from the rear.

The testimony given on the trial was conflicting. Appellee's proof tended to show that on the occasion when the accident occurred she was approaching a railroad crossing which was blocked by a passing train; that she stopped at the end of the line of cars, waiting for the crossing to clear; that, after she brought her car to a stop, she shifted gears and turned to talk to a companion in the car, when appellant's large truck, with a three-ton load, struck her automobile from the rear with sufficient violence to throw her feet from the pedals, stall the motor, do considerable damage to the car, and fracture the vertebrae in her neck; that she had suffered intense pain since the accident; was totally disabled from following her occupation; that the disability would probably continue for the remainder of her life; and that she had enjoyed good health before the accident.

Appellant undertook to show that appellee had suddenly stopped her automobile some forty or fifty feet from the line of cars standing at the crossing, without warning and in a manner to make it impossible for appellant's driver to avoid a collision; that the impact of the collision was slight, causing little or no damage to the automobile, not even moving it; that appellee had always been a frail person and in poor health; that she suffered no injury, having gotten out of her car and walked around it to inspect the result of the collision, and then driven away, having suffered no fracture of the vertebrae.

Appellant contends that the verdict is not supported by the evidence. No motion was made for a directed verdict, and the assignments of error do not present matters cognizable here, raising only such questions as are addressed to the discretion of the District Court on motion for a new trial. Hotel McAllister v. Coburn, 5 Cir., 18 F.2d 100; Meador v. National Liberty Insurance Co., 5 Cir., 53 F.2d 731; Concrete Oil Tank Co. v. Menefee, 61 App. D.C. 63, 57 F.2d 429; Fricke v. General Accident, Fire & Life Assurance Corp., 8 Cir., 59 F.2d 563; Luke v. United States, 5 Cir., 84 F.2d 823.

Error is assigned to the admission of testimony concerning appellee's health and appearance many years prior to the accident as too remote to throw any light upon her condition at the time of the injury. We think this evidence was competent, in view of the contention that appellee was a frail person and had always been in poor health. Other evidence of similar import was introduced without objection, and, in any event, it does not appear that any prejudice resulted from the particular matter to which the objection was made. The latitude which such testimony may take upon an issue of this kind rests in the sound discretion of the trial court, which in this instance was not abused.

Another assignment relates to the action of the court in overruling appellant's objection to a hypothetical question propounded to one of the medical witnesses; the objection being that the facts assumed in the question were not in evidence. We have not been able to find any substantial assumption in the question as to which there was not some evidence. Therefore, we find no merit in this assignment. All of the other assignments relate to the charge to the jury. Appellant contends that the charge did not follow appellee's specific allegations of negligence, did not submit appellant's defensive allegations of negligence by appellee, and did not specifically instruct the jury not to allow damages for any impairment of health or suffering which may have resulted from sickness and operations suffered by appellee prior to the accident.

The charge of the court submitted one ground of negligence which was adequately covered by the pleadings. The court further charged as to burden of proof,

590

proximate cause, and general principles of negligence. The charge was designed to enlighten the jury upon the law applicable to the evidence in the case. The effect of the charge, when construed as a whole, is to exclude the averments of negligence in appellee's petition as to which no proof was introduced. Pryor v. Strawn, 8 Cir., 73 F.2d 595. There is no rule requiring the court to refer to each allegation of negligence and to direct the jury either to consider or disregard it.

The other assignments are not supported by the record, since the court charged the jury that they could award damages only for the injuries which were the direct and proximate result of the negligence, and that, if the accident was caused by the failure of appellee to signal her intention to stop, there could be no recovery at all.

There being no reversible error in the record, the judgment of the District Court is affirmed.