## REISBERG v. WALTERS.

No. 8217.

Circuit Court of Appeals, Sixth Circuit.

May 7, 1940.

Alexis J. Rogoski, of Muskegon, Mich., for appellant.

Laurent K. Varnum, of Grand Rapids, Mich. (Travis, Merrick & Johnson of Grand Rapids, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

In an appeal from a judgment in a tort action for damages growing out of an automobile collision, the appellant complains of the inadequacy of the verdict in her favor. The record being devoid of other assignments of error, with no issues otherwise preserved for review, the appeal presents the single question whether the court erred in denying a motion for a new trial on the ground of the inadequacy of the verdict, the contention being that the jury disregarded the instructions of the court, and that the verdict was the result of compromise and dictated by prejudice. We are therefore faced with the problem often considered, as to the power of a Federal appellate court to review orders denying new trials.

The collision out of which the suit arose, occurred on August 27, 1937, upon a public highway in Muskegon County, Michigan, between an automobile owned and operated by the appellant, and one owned and operated by the appellee. With the manner of the accident we need not concern ourselves, since it appears that the expected

result followed the effort of the driver of an overtaking car attempting to pass another going in the same direction in the face of on-coming traffic, when there was not sufficient room for the maneuver. We are not concerned with questions of negligence, primary or contributory, since the jury found for the plaintiff in substantial damages. It is the size of the verdict, in the light of the evidence, that gives rise to the determinative question.

As a result of the collision the appellant's automobile was forced from the highway and demolished. She sustained severe injuries consisting of a Pott's fracture of the ankle, a Colles' fracture of the wrist, and various bruises, sprains and contusions. Her glasses were broken and her clothes ruined. She was required to remain in the hospital for a period of 65 days, with her wrist and ankle in casts, and for a long time thereafter was obliged to use crutches. She was disabled from engaging in her employment as a school teacher in Chicago, resulting in a substantial loss of salary, and at the time of the trial was still unable to participate in the social and recreational activities which she had previously enjoyed. She presented competent proof that her expenses, including the services of physicians and surgeons, nurses, hospital, replacement of damaged clothing, and loss of salary and automobile damage, totaled the sum of $2,274.78. While there was controversy respecting direct and contributory negligence, there was no controversy in respect to the necessity for the plaintiff incurring the expenses or that she suffered the losses for which she sought recovery. Nor was the reasonableness of the amounts in issue. At one stage of the trial the plaintiff undertook to produce proof of the reasonableness of the hospital bill, when the following colloquy took place:

"The Court: Is there any issue in regard to the reasonableness of any of the bills?

"Mr. Varnum (Attorney for the Defendant): I haven't objected to any of them, your Honor.

"The Court: There seems to be no issue concerning that."

The trial proceedings appear to have been wholly devoid of error and the instructions of the court to the jury unexceptional and affording no ground for complaint. Upon the question of damages the court instructed the jury that if they found for the plaintiff they were to award her damages in such amount as would justly and fairly compensate her for her loss and damages, including pain and suffering; that she would be entitled to recover such sums of money as she had expended, or for which she had incurred liability, including doctors' bills, hospital bills, x-rays, nurses, medical attendance and other expenses, and such loss in earnings or salary as were shown by the evidence to have been sustained, and for the depreciated value of her automobile shown to have resulted from the accident.

The jury returned a verdict for the plaintiff in the sum of $1,500. A motion for new trial on her behalf followed as indicated. It was denied on the ground that the verdict was not so inadequate as to establish prejudice, partiality or disregard of the instructions of the court. A motion to reconsider upon other grounds was likewise denied for the reason that the court, upon an examination of the record, found no sufficient support for the additional grounds urged.

That the award was insufficient to compensate the plaintiff for her loss and injuries is beyond successful controversy. Her actual expenses and specific damages were subtantially in excess of the verdict. That she incurred the expenses and suffered the losses is not disputed. Indeed, the colloquy hereinbefore recited is equivalent to a concession in this respect. It is impossible otherwise to interpret it. That the District Judge so viewed it is clear from his memorandum in denial of the motion to reconsider his order on new trial, wherein he stated: "The court ruled that there was no issue in regard to reasonableness of any of the bills, and thereby withdrew from the consideration of the jury any question concerning their reasonableness." The inadequacy of the verdict gives rise to an inescapable inference that the jury failed to consider elements of specific damage and included in its award nothing at all for physical pain and suffering which, under the undisputed evidence, was severe.

This squarely confronts us with the question whether a Federal Court of Appeals is powerless to correct a miscarriage of justice, when the trial court by denying a motion for new trial has failed to do so. The power has been variously asserted and denied in numerous cases. It will serve no

purpose to review them. In Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463, Judge Learned Hand has provided us with a sufficient springboard for present discussion. His search has been thorough and his conclusions appear sound. Starting with the premise that courts will rarely review an award of damages (New York Cent. & H. R. R. Co. v. Fraloff, 100 U.S. 24, 25 L.Ed. 531; Wilson v. Everett, 139 U.S. 616, 11 S.Ct. 664, 35 L.Ed. 286; Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224), he classifies the several cases in which orders refusing new trials because of the amount of the verdict have been reversed, and finds them to be, with one exception, cases (1) where the jury gave merely nominal damages, that is where they did not attempt to appraise the plaintiff's loss at all; (2) where the verdict was less than the amount of the loss which the defendant did not dispute; (3) where damages were not involved. This classification he concludes is within the limits suggested in Southern Ry.-Carolina Division v. Bennett, 233 U.S. 80, 34 S.Ct. 566, 58 L.Ed. 860 and we agree.

■ We might perhaps rest decision in the present case on the ground that it is within the first classification suggested by Judge Hand, in reliance upon our own decision in Pugh v. Bluff City Excursion Co., 6 Cir., 177 F. 399, 401. While in that case there was no award of substantial damages, and the verdict was for merely nominal damages, yet the court recognized the general rule that the granting of a new trial is a matter of discretion and will not be reviewed, but added: "It is not so where the verdict is inconsistent on its face and shows the abuse of power on the part of the jury. If the granting of the motion is a positive duty, it is not discretionary. If it is necessary to correct a mistrial, it becomes a positive duty to set aside the erroneous proceeding and grant a new trial. * * * The jury found the plaintiff was entitled to recover. And if she was, it was absurd to say that she was entitled to only nominal damages. The conclusion seems unavoidable that the verdict was simply a compromise to prevent a disagreement." In the present case, even though substantial damages were awarded, nevertheless, in respect to elements of damage that were proved and remained unchallenged throughout the trial, the jury failed in its duty to consider them,

and for the most important element of damage, i. e., the plaintiff's physical pain and suffering, it is clear that the jury awarded no compensation or, at best, that which was merely nominal, and so avoided the performance of its positive duty and abused its power. But, again accepting Judge Hand's classification, decision need not be based upon the case falling within the first group. If there be distinction in principle between an award of damages which, though substantial, fails to recognize unassailed elements of damage, and an award of nominal damages, the case falls within the second group and the denial of a motion for new trial may be reviewed upon the authority of Glenwood Irrigation Co. v. Vallery, 8 Cir., 248 F. 483; United Press Ass'n v. Natl. Newspaper Ass'n, 8 Cir., 254 F. 284, and Stetson v. Stindt, 3 Cir., 279 F. 209, 23 A.L.R. 302.

So far in our consideration of the problem we have proceeded from Miller v. Maryland Casualty Co., supra, upon the assumption that Judge Hand's analysis is sound, and upon the further assumption that state practice and decisions are not relevant upon appeals from decisions of Federal courts. Camp v. Gress, 250 U.S. 308, 317, 318, 39 S.Ct. 478, 63 L.Ed. 997. But we now have thrown upon the present problem the added light of two carefully reasoned and comparatively recent opinions of the Supreme Court bearing upon the power to review an order denying a motion for new trial. Fairmount Glass Works v. Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439, and Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150. Neither reaches the precise point here involved, but both illuminate it. In the first, Mr. Justice Brandeis, while calling attention to the fact that the rule that the court will not review the action of a Federal court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions, and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or inadequate, and that the rule likewise precludes a review of such action by a Circuit Court of Appeals, nevertheless recognizes the rule that denial may be reviewed as for an error of law if the trial court erroneously excludes from consideration matters which were appropriate to a decision, Mattox v. United States, 146

598

U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Ogden v. United States, 3 Cir., 112 F. 523, or if it acted on the mistaken view that there was no jurisdiction to grant it, or that there was no authority to grant it on the ground advanced.

■ By clear implication an issue of law is presented when the award of damages exceeds a statutory limit as in Southern Ry.-Carolina Division v. Bennett, supra, or is less than an amount undisputed, Glenwood Irrigation Co. v. Vallery, supra; Stetson v. Stindt, supra, or was in clear contravention of the instructions of the trial court, United Press Ass'n v. Natl. Newspaper Ass'n, supra. There is demonstration that the facts of the Fairmount Glass case do not bring the issue within the holdings cited, and the court refrains from deciding whether refusal to set aside a verdict for failure to award substantial damages may ever be reviewed on the sole ground that the trial judge abused his discretion. The dissenting Justices, however, Mr. Justice Stone and Mr. Justice Cardozo, interpret the opinion as conceding that a verdict in contravention of the instructions of the court may be reversed on appeal as contrary to law, and so do we.

There followed Dimick v. Schiedt, supra. There the court undertook to review an order denying a motion to set aside the verdict of a jury, the order being conditioned upon the consent of the defendant to add to the damages awarded. This condition, the court held, could not be imposed in view of the command of the Seventh Amendment, saying, however, through Mr. Justice Sutherland [293 U.S. 474, 55 S.Ct. 301, 79 L.Ed. 603, 95 A.L.R. 1150]: "Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages." The dissenting opinion of Mr. Justice Stone, concurred in by the Chief Justice, Mr. Justice Brandeis and Mr. Justice Cardozo, is enlightening for, if its interpretation of the majority opinion is accurate, it points the way to present decision. The dissenters, say: "If the effect of what is now decided is to liberalize the traditional common-law practice so that the denial of a motion for a new trial, made on the ground that the verdict is excessive or inadequate, is subject to some sort of appellate review, the change need not be regarded as unwelcome, even though no statute has authorized it."

Since the law is continuously evolving and its development a growth, the two decisions chart the path of progress and light the way that was dark to Judge Hand when he said [40 F.2d 465]: "That it might be desirable to give such an appeal we do not deny," and "it is only a procedural difficulty that prevents our review."

■ It is our conclusion that the award of the jury in the present case was grossly inadequate; that it demonstrates failure to consider essential elements of damage or damages in amount conceded to have been suffered; that it demonstrates failure to abide by the instructions of the court and an improper compromise between liability and compensation. This being so, there was error of law in overruling the motion for a new trial, and we need not decide whether, as contended, there was an abuse of discretion exercised upon a question of fact.

The judgment is reversed and the cause remanded for new trial in conformity herewith.