Catherine McCLOSKEY, Appellant

v.

James P. KANE, Jr., et al., Appellees.

No. 15641.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1960.

Decided Dec. 8, 1960.

Mr. John E. Kennahan, Washington, D. C., with whom Messrs. Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., were on the brief, for appellant.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Messrs. J. Harry Welch, H. Mason Welch, J. Joseph Barse, Arthur V. Butler and James A. Welch. Washington, D. C., were on the brief, for appellees.

Before Mr. Justice REED, retired,* and FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a negligence case, involving a painful personal injury, in which appeal is taken from an order of the District Court denying plaintiff-appellant's motion for a new trial. No appeal was taken from the judgment itself. The jury had rendered a verdict for the plaintiff, in the amount of $2,000. The original motion papers did not allege inadequacy of the verdict as a ground for new trial, but relied on certain alleged errors in the conduct of the trial. Several weeks later—on the day before the motion was scheduled to come on for argument—plaintiff filed a supplemental document attacking the amount awarded as too small, and contending that the jury had improperly reached a compromise verdict.[1] At the hearing, defendant's counsel claimed surprise, and asked for postponement of the ar-

---

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.Code.

[1.] Plaintiff's supplemental papers urged that her admitted medical expenses were in the amount of $2,000, and that thus the verdict allowed nothing for pain and suffering. Cf. Reisberg v. Walters, 6. Cir., 1940, 111 F.2d 595.

gument. The trial judge declined to consider the supplemental pleading, or argument based on it, as it had not been filed within the ten-day period fixed by Fed. R.Civ.P. 59, 28 U.S.C. He then heard oral argument on the grounds urged in the original motion papers, which had been timely filed, and denied the motion.

On these facts, we think the judge was within his discretion in proceeding with the hearing on a basis limited to the grounds stated in the original motion. We find no abuse of discretion in any respect.

Affirmed.